[American Tel. & Tel. Co. v. Morgan County Telephone Co.]

138 597|
142 470|
142 474|

# American Telephone & Telegraph Co. v. Morgan County Telephone Co.

*Bill in Equity by Telephone Company to enjoin another Telephone Company from erecting Poles and Stringing its Wires along a Street of a City.*

1. *Telephone company; can not assert exclusive franchise to occupy street.*—A telephone company can not assert exclusive franchise to occupy streets of a city for its poles and wires, as against another telephone company obtaining the same right from the city authorities of said city.

2. *Same: two telephone companies have equal rights to erect their poles and string their wires along streets of a city.* Where, with the permission and under the direction of the city authorities and under their regulation and control, two telephone companies are occupying parts of the streets of a city, the rights of each are equal, and are not superior to the rights of the other; and the company which was last granted a franchise, has the same rights to the streets as the company holding the older franchise, so long as it does not interfere in some unlawful manner with the rights of said older company.

3. *Same; same; bill for injunction.*—A bill and answer in a suit by a telephone company to enjoin another telephone company from erecting its poles and wires on the same side of the street as those of the complainant, showed that the defendant's poles were being placed between those of complainant, and were of sufficient height to enable defendant to string its wires so as not to interfere by contact with complainant's, or act as conductors of electricity from them. Defendant's poles were to be set into the ground six feet, and braced as well as possible. Any contact with complainant's wires during the process of erection would be of a temporary and incidental character. It appeared that scientific appliances for insulation would be provided, which would prevent defendant's wires acting as conductors of electricity from those of complainant, except possibly from accidents from winds, storms, etc. Defendant's

system was in a formative state. *Held*: That a case for an injunction was not made out.

4. *Same; same; when averments of answer not responsive.*—In a suit by a telephone company to enjoin another company from erecting its poles and wires on the same side of the street, averments in the answer tending to show that complainant's purpose was to maintain a monopoly of telephoning in the city are not responsive to the bill, when considered as one for present injunctive relief.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

This bill was filed on November 28, 1902, by the American Telephone and Telegraph Company, which will be referred to as the complainant, or the American Company, against the Morgan County Telephone Company, which will be referred to as defendant, or the Morgan Company. The bill alleges that the American Company was a duly organized and incorporated company, and that the Morgan Company is acting as a corporation, located in the town of New Decatur, Ala., that on June 7th, 1898, the Mayor and Aldermen of said town, granted to the American Company a franchise to construct, operate and maintain lines of telegraph and telephones, along and under the highways of said town, including the necessary poles, wires, cross arms and fixtures for that purpose, which was to be done under the instruction and supervision of the street committee of said town, and that shortly thereafter, the complainant under the direction and supervision of said committee, erected its poles, wires and fixtures for carrying on its business, along the south side of Moulton street in said city, and on and along other streets in said town, and has maintained and operated the same up to the time of filing the present bill.

It is averred, that the defendant, the Morgan Company, is proceeding, without the consent of the complainant, to dig holes, along the south side of Moulton street, between the poles of complainant, preparatory to stringing wires thereon, for the purpose of erecting and carrying on telephone business in said town, which

it is alleged will be greatly injurious to the telegraph and telephone business of complainant, etc., etc.; and the bill sought an injunction against the defendant company restraining it from the erection and the operation by it of its said telephone business. A temporary injunction was granted by the judge of the Circuit Court of Morgan County, according to the prayer of the bill on complainant first entering into bond in the sum of $1,000, payable to the defendant. Upon the execution of the prescribed bond, the writ of injunction was duly issued and served.

On the 5th day of December, 1902, the defendant filed an answer under oath, denying the main allegations of the bill, and at the same time, filed a demurrer to the bill and made its motion to dissolve the injunction theretofore granted for want of equity in the bill and to discharge the same. The motion was set down for hearing on the 15th of December, at which time the defendant gave notice to complainant, that it would offer in support of its answer a certified copy of the minutes of the proceedings of the Board of Aldermen of said town, relating to the granting of the franchise of complainant, and the affidavits of several persons whose names were given.

On the 17th of that month, the Chancellor, after hearing the cause, upon due and legal notice thereof, and the appearance and argument of the cause by counsel, refused to discharge the injunction for alleged irregularities, but found—to quote the language of the opinion—"That the complainant and the defendant have franchise rights in the city of New Decatur as set forth in the pleadings; that said rights appear to be of equal validity, and the complainant can assert and maintain no vested rights by reason of prior occupancy of the streets, to the exclusive use and enjoyment thereof, as against the defendant and the rights asserted by it; that the defendant by its answer and affidavits in support thereof, had fully controverted the material allegations of the bill showing clearly that defendant is making careful use of the franchise granted to it by the City of New Decatur, and that the manner in which it proposes

to erect the poles and construct its wires will not injuriously affect the rights of complainant and cause it irreparable damage; that if any damage results therefrom, it will be merely incidental and *damnum absque injuria,* and will not authorize injunctive interference by a Court of Chancery; that the denials of the answer are sufficient to authorize the dissolution of the injunction, and that the bill is without equity." Accordingly the demurrer to the bill was sustained and the injunction was dissolved in accordance with the opinion of the Chancellor. From this decree the complainant appeals, and assigns the rendition thereof as error.

CALLAHAN & HARRIS, for appellant.—The appellant being first in point of time has a right to those parts of the streets actually occupied by it, superior to the right of the appellees.—*Pom. Eq. Jur.,* 414; *Consolidated Elec Light Co. v. Peoples Electric Light Co.,* 94 Ala., 374; *Ruthland Electric Light Co. v. Marble City Electric Light Co.,* 20 L. R. A., 821; Elliott on Roads and Streets, 570; *Electric Railway Co. v. Telephone Co.,* 27 S. W., 902.

It is readily seen that the continuation of some of the injuries are dependent upon the act of no one; and by reason of their continuous nature, one or several actions at law may not be sufficient to adjust the wrongs, and equity will interfere by injunction to prevent a multiplicity of suits.—*Birmingham Traction Company v. So. Bell Tel. & Tel. Company,* 119 Ala., 144; *Deagan v. Neville,* 29 So. Rep. 175; *Bowling v. Crook,* 104 Ala. 130. Injury to be irreparable need not be beyond the possibility of compensation in damages, nor very great; the test being, is it of such constant and frequent occurrence that no fair or reasonable redress can be had in law?—*First Nat'l. Bank v. Tyson,* 32 So. Rep. 149; *Deagan v. Neville,* 29 So. Rep., 175; *Whaley v. Wilson,* 112 Ala., 630.

Without regard to the question of irreparable injury, or adequacy of legal remedies, a court of equity will enjoin a person or corporation authorized by law to

·exercise the right of eminent domain from proceeding in its exercise without a legal ascertainment and payment of compensation by condemnation proceedings.— *East & West R. R. Co. v. E. T., V. & G. Co.*, 75 Ala. 281; *Birmingham Trac. Co. v. Birmingham Electric R. R. Co.*, 119 Ala. 140; *Birmingham Trac. Co. v. So. Bell T. & T. Co.* 119 Ala., 152; *Mobile & Montg. R. R. Co. v. Ala. Midland R. R. Co.*, 123 Ala., 160; *Highland Ave. & Belt R. Co. v. Matthews*, 99 Ala., 24. The right to use the streets is property—a thing of value—that cannot be taken without compensation.—*H. A. & B. R. R. Co. v. B. U. Ry. Co.*, 93 Ala., 507; *Sixth Ave. R. R. Co. v. Kerr*, 72 N. Y., 330; *People v. O'Brien*, 2 L. R. A., 255; *Birmingham Trac. Co. v. Southern Bell Telephone & Telegraph Company*, 119 Ala., 152; *Earl v. Commonwealth*, 63 N. E., 10.

The title of the appellant being admitted, the Court will not weigh the relative inconvenience and injury of the parties in granting or withholding the injunction.—*Birmingham Trac. Co. v. Birmingham Ry. & Elec. Co.*, 119 Ala., 136. The answer can be considered ·on a motion to dissolve an injunction only so far as it is responsive to the allegations of the bill, and new or affirmative matter not so responsive, will not be considered for any purpose. The denial must be full, clear and complete without ambiguity or equivocation.—*Mabel Mining Co. v. Pearson Coal & Iron Co.*, 121 Ala., 567; *Columbus & Western R. R. Co. v. Witherow*, 82 Ala., 194.

E. W. GODBEY and BLACKWELL & FITE, *contra.*—Complainant can have no monopoly in a public street. Every one using a public street for any purpose impairs, to some exent, the enjoyment of every other user. Such impairment is an incidental injury for which there can be no judicial redress.—*Light Co. v. Light Co.*, 94 Ala., 374;*Telephone Co. v. Francis*, 19 So. Rep., 3.

"It is implied in such grants as were here made to the first company that the grant is subject to such limitations as will enable another company to enjoy a like

franchise, and no property right is invaded by the adoption of such measures by the second company as will enable it to exercise its privilege, provided there is no unreasonable and unnecessary invasion of the first occupant."—*Louisville Tel. Co. v. Cumberland Tel. Co.,* 111 Fed. Rep. 667.

Unlawful acts under authority cannot be enjoined, no matter how damaging.—*Bir. &c. v. Southern Bell Tel. & Tel. Co.,* 119 Ala. 144; *Cumberland Tel. & Tel. Co. v. United Elec. Co.,* 12 L. R. A., 548. If "the defendants were expressly authorized by statute to use steam-rollers of such a weight as necessarily to injure the plaintiffs' pipes, the plaintiffs would have no ground of complaint.   The cause would then be one of *damnum absque injuria.*"—*Cumberland Tel. Co. v. United Electric Co.,* 12 L. R. A., 548.

Incidental injuries can not be enjoined.—*Bir. &c. Co. v. Southern Bell &c. Co.,* 119 Ala., 144.

We place our denial of an injunction upon the grounds:

1. That the defendants are making lawful use of the franchise conferred upon them by the State, in a manner contemplated by the statute, and that such act cannot be considered as a nuisance itself.

2. That, in the exercise of such franchise, no negligence has been shown, and no wanton, or unnecessary disregard to the rights of the complainant.

3. That the damages occasioned to the complainant are not the direct consequence of the construction of the defendant's line, but are incidental damages resulting from their operation and are not recoverable.—*C. R. A. & Co., v. U. E. Ry. Co.,* 12 L. R. A., 551; 42 Fed., 273.

No injunction will be issued to prevent conjectural injuries.—*Kingsbury v. Flowers,* 65 Ala., 484; *Cumberland Tel. Co. v. Cook,* 55 S. W. 153; *Pa. R. R. Co. v. Wilmington City R. Co.,* 38 Atl. Rep., 1070; *Printing Co. v. Howell,* 28 L. R. A., 476.

Temporary interruptions will not be enjoined.—*Ft. Clark R. C. v. Anderson,* 49 Amer. Rep., 547; *Ridge v. R. R. Co.,* 43 Atl. Rep., 278.

HARALSON, J.—The contention on the part of the complainant is, that without its consent the defendant has no right to erect its poles on Moulton or other streets in the city of New Decatur, between the poles of complainant, and to string its wires on or near the top of these poles, above the wires of complainant, in the manner set forth in its bill; while that of the defendant is, conceding an equal right to the complainant with itself, to the use of the streets of said city for its telephone or telegraph purposes, that complainant has no right to said streets superior to the right of defendant to erect, maintain and operate its telephone system, so long as defendant does not, in some serious and permanently injurious manner, interfere with the complainant's rights

It is shown, that both companies are occupying parts of the street in said city, with the permission and under the direction of the city authorities, duly invested with authority to this end, and under their regulation and control. The rights of each are equal, and not superior to the rights of the other—the principle being well settled, that no company can, under ordinary circumstances, assert and maintain a right to the exclusive enjoyment of a public street in a city. "Monopolies are not favorites in the law, and if a street has sufficient width and capacity to admit of more than one public enterprise, without unduly obstructing it as a public highway, an exclusive right should not be granted to one company, and if granted, except under peculiar circumstances, it may and should be revoked."—*Consolidated Electric Light Co. v. Peoples Electric Light & Gas Co.*, 94 Ala. 374. As was said by us in another and similar connection: "It may be safely stated, as applicable to all conditions, that no one public corporation of the kind should be given a monopoly to the exclusion of others in the use of the streets of a city. Ordinarily, such privileges should be granted, equal with and not superior to other like enterprises established for the use of the public. The State licenses such enterprises, not simply that the owner of them may earn profits by establishing and operating them, but that the general

public may enjoy the benefits of their existence; and when two are authorized by law to use the same street or avenue, it should be with the express or implied condition, that each shall respect the rights and interest of the other and occasion no injury or harm to the other. The matter of the regulation of such public corporations is usually committed to the municipalities, where they are established." The two companies are in the legal attitude of using, in a sense, their own property, the obligation of each being to so use its own property as not to do unnecessary injury to that of another; and for any default in that particular, the rule is applicable, that the negligent party is liable to the one injured in an action of damages resulting from its own negligence. *Birmingham Traction Co. v. Southern Bell Telephone & Telegraph Co.,* 119 Ala. 148, 151. The principle is familiar that, "If one do an unlawful act upon his own premises, he cannot be held responsible for injurious consequences that may result from it, unless it was so done as to constitute actionable negligence." So, it was announced in the case referred to that, "whatever incidental annoyance or injury may result from the rightful and lawful use of the streets, with no want of care for the rights and interests of others entitled to like use, is *damnum absque injuria,* and so far as persons operating under legislative grants are concerned, something more than individual damages to another must be proved—something in fact in the nature of an abuse of the franchise—to entitle the party to an injunction."—*Cumberland Telephone & Telegraph Co. v. W. Electric Co.,* 42 Fed. Rep. 273; 25 Am. & Eng. Encyc. Law (1st ed.), 764, 767.

In *Rouse v. Martin,* 75 Ala. 513, referring to the case of private nuisances—directly applicable here—it was held, that in such cases an injunction will generally be granted only when there is a strong and mischievous case of pressing necessity, and not because of a trifling discomfort or inconvenience suffered by the party complaining; that when the injury complained of is not a nuisance *per se,* but may become so by reason of cir-

.cumstances—being uncertain, indefinite or contingent—
equity will not interfere; that public benefit will pre-
ponderate over private inconveniences; that in doubt-
ful cases, an injunction will always be denied, or dis-
solved on motion when granted *ad interim,* and that a
very strong case must be made by the bill for injunction,
and if there be reasonable doubt, as to the probable
effect of an alleged nuisance, either on proof, affidavit,
or on the construction of the facts stated in the bill,
there will be no interference until the matter is tested
by experiment in the actual use of the property.—1 High
on Injunctions, Sec. 788. "Nor will the court interfere
when the thing complained of is not in existence, but
may be called into existence by the threatened acts of
the defendant, in the exercise of his lawful dominion
over his property, and it is uncertain, dependent upon
circumstances in the future, whether it will or will not
operate injuriously."—*Kingsbury v. Flowers,* 65 Ala.
484. In the case cited from 75 Ala., the court added:
"Great caution should always be exercised before inter-
fering with establishments which have a tendency to
promote public utility or conveniences, and in cases of
this nature, equity will not enjoin the lawful use of
such property in a city, when by the proper application
of scientific appliances and machinery, the torts com-
pained of may be removed; and in such cases the court
will go no further than to require such appliances to be
used." Where it is sought to restrain a business estab-
lishment, not *per se* a nuisance, but only liable to be-
come such by the manner of its carrying on, the bill
may, in the discretion of the court, be held until the
objectionable results can be remedied by scientific and
skillful appliances, especially when the answer dis-
closes that such remedies are practicable and will be
applied, if necessary.—*Rouse v. Martin,* 75 Ala. 515;
*English v. Progress Electric Light Co.,* 95 Ala. 259.

From the principles above announced, as here applica-
ble, the case may be readily disposed of. It appears that
the averments of the bill upon which the right of in-
junctive relief is claimed, have been directly and fully

denied by the sworn answer of the defendant. Starting
with the proposition, which cannot be denied, that the
defendant has the same right to the street that com-
plainant has so long as it does not interfere in some
unlawful manner with the rights of the complainant,
we have failed to discover, after a careful examination
of the averments of the bill and the answer thereto,
that defendant has been guilty of any interference with
complainant's rights. The fact that defendant's poles
are being erected between those of complainant, on the
same side of the street, of itself is of but little impor-
tance. These poles, it reasonably appears, are of a size,
and height, to make them, for the purposes intended,
equal to those used by complainant; that they extend
above those of complainant sufficiently far, to enable
defendant to string its wires, above the complainant's,
and at such distance from them, as not to interfere by
contact with them, or to act as conductors of electricity
from them. It further appears that these poles are to
be let into the ground about six feet, and will be braced
as well as may be, against swaying. If these poles and
wires, in the process of erection, come into contact with
those of complainant, such contact must be temporary
and incidental to their erection; and the defendant's
wires, on the completion of its system, are designed not
to touch, and in all reasonable expectation will not in-
terfere with complainant's system. It is to the interest
of defendant to avoid the contact of its poles and wires
with the wires of the complainant, since such contact
would be as injurious to the operation of defendant's
business as to that of complainant. Moreover, it reas-
onably appears, that scientific appliances of insulation
may and will be provided, to prevent the wires and poles
of defendant from ever acting as conductors of
electricity from the wires of complainant, except
possibly, from accidents arising from wind and
storms and electrical disturbances from with-
out—accidents that cannot be foreseen, calculated upon,
nor provided against. But if such disturbances should
occur, their results must be temporary and of easy re-

pair. Without the presence of defendant's poles and wires, such accidental disturbances are just as liable to befall the poles and wires of complainant. These difficulties, are, however, conjectural, incidental and temporary, if they should come, and are not to be considered as meritorious grounds for interfering by injunction with defendant in the erection, maintaining and operating of its telephone system.

The damages that complainant insists will be done to it by defendant are remote, conjectural and imaginary. The defendant company is merely proceeding to erect its system of poles, preparatory to stringing its wires thereon. Its system is not complete, but in the formative state. The things complained of are not in existence, but may be called into existence by threatened acts of defendant, to be done in the lawful exercise of its rights, dependant upon circumstances in the future, as to whether they will or not operate injuriously, having no other foundation except in the apprehension and fears of complainant. Whether those apprehensions are real or not, the conduct of defendant alone will disclose. It is sufficient to say, having reference to the denials of the answer, that complainant has not presented such a case of pressing necessity, as authorizes interference by injunction.

Much of the answer sets up facts tending to show that the purpose of the complainant is to maintain a monopoly of telephoning in the city, and to exclude defendant therefrom. These matters are not directly responsive to the averments of the bill, when considered as one for present injunctive relief.

The defendant introduces several affidavits sustaining the denials of the answer. The complainant introduced none to support the averments of the bill. It is urged that these affidavits should not have been received or considered by the Chancellor. It is unnecessary to pass upon that question. We have confined our decision, as the Chancellor might well have done, to a consideration of the denials by the answer of the material averments of the bill, and for the purposes in

hand, these are sufficient without any resort to the affidavits, no fuller or more satisfactory than the answer itself.

Assuming that the bill has equity, the denials of the answer fully justified the dissolution of the injunction; but in our opinion, the other ground of the motion for a dissolution of the injunction, namely, that the bill had no equity, was well taken, and the decree dissolving the injunction may be well rested on that ground.

Affirmed.