M. LUTHER WEST AND LULA A. SEVERNS V. THE PONCA
CITY MILLING COMPANY, *a Corporation,* AND JOHN MC-
BRINE.

(Filed September 3, 1904.)

**NUISANCE.** Where the injury complained of is not, per se, a nui-
sance, but may or may not become so, according to the circum-
stances; and where it is remote, uncertain, and speculative, or
productive of only possible injury a court of equity will not
interfere.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno.
H. Burford, Trial Judge.*

*Cotteral & Hornor,* for plaintiffs in error.

*Geo. S. Green,* for defendant in error, John McBrine.

Opinion of the court by

HAINER, J.: This was an action brought by the plain-
tiffs in error to restrain the defendants in error from com-
pleting the construction of a frame building within the fire
limits of the city of Guthrie. The material averments in
the petition were, that the plaintiffs were the owners of a lot
within the fire limits of said city, and that the defendants
were constructing a wooden building immediately west of,
and abutting upon, said lot, in violation of the city ordi-
nance; and that the construction of said building would de-
teriorate the value of plaintiffs' property, and increase the
rate of fire insurance, and thereby plaintiffs would suffer ir-
reparable injury.

A temporary injunction was granted by the district court.

Upon application of the defendants, and upon due notice to the plaintiffs, a hearing was ordered by the court, as to whether the temporary injunction should be dissolved or continued in force. Evidence was offered by both the plaintiffs and defendants, and upon the hearing and consideration thereof the court dissolved the temporary injunction. From this order the plaintiffs appeal.

Before the plaintiffs would be entitled to an injunction restraining the defendants from completing the building in question, it would be necessary for them to allege and prove that they would sustain special injury or damage by reason of the construction of said building. The undisputed testimony showed that the plaintiffs' lot was unimproved, unoccupied and vacant. The evidence of the defendants established the fact that they were constructing a warehouse building on the right of way of the Atchison, Topeka & Santa Fe Railway Company in said city, abutting the property of the plaintiffs, under a lease with said railway company, and by permission of the city authorities, but in violation of the city ordinance. That at the time the temporary injunction was granted, the building was enclosed, with the exception of the windows, and about one-half of the floor had been laid, and that the defendants had expended about one thousand dollars in the construction of said building. The defendants also introduced testimony to show that the construction of said building did not depreciate the value of the plaintiffs' property, and that it could not increase the fire risk, because said property was vacant.

In our opinion, the evidence wholly failed to show that the plaintiffs would sustain such special damage or injury as would warrant the interference of a court of equity. In-

jury or damage that is remote, uncertain, speculative, and shadowy, is not sufficient. In High on Injunctions, section 488, the rule is stated as follows:

"Where the injury complained of is not, *per se,* a nuisance, but may or may not become so, according to circumstances, and where, it is uncertain, indefinite or contingent, or productive of only possible injury, equity will not interfere."

In *Irwin v. Dixion,* 9 How. 10, the supreme court of the United States has 'laid down the following rule:

"And no remedy whatever exists in these cases by an individual, unless he has suffered some private, direct and material damage beyond the public at large; as well as damage otherwise irreparable."

In *Georgetown v. Alexandria Canal Co.,* 12 Pet. 91, the supreme court of the United States, in discussing this question, said:

"The court of equity also, pursuing the analogy of the law, that a party may maintain a private action for special damage, even in case of a public nuisance, will now take jurisdiction in case of a public nuisance, at the instance of a private person; where he is in imminent danger of suffering a special injury, for which, under the circumstances of the case, the law would not afford an adequate remedy. Amongst other cases, this doctrine is laid down in the case of *Crowder v. Tinkler,* 19 Ves. 616. In that case, p. 622, the chancellor says, 'Upon the question of jurisdiction, if the subject was represented as a mere public nuisance, I could not interfere in this case, as the attorney-general is not a party; and if he was a party, upon the *dicta,* unless it was clearly a public nuisance generally, the court would not interpose by injunction, until it had been tried at law. The complaint is, therefore, to be considered as of not a public nuisance simply; but what, being so in its nature, is attended

with extreme probability of irreparable injury to the property of the plaintiffs, including also, danger to their existence; and on such a case, clearly established, I do not hesitate to say, an injunction would be granted.' The principle is also distinctly asserted and acted on by Chancellor Kent, in the case of *Corning v. Lowerre,* 6 Johns. 439. In that case, a bill was filed for an injunction to restrain the defendant from obstructing Vestry street, in the city of New York, and averring that he was building a house upon that street, to the great injury of the plaintiffs, as owners of lots on and adjoining that street; and that Vestry street had been laid out, regulated and paved for about twenty years. The injunction was granted; the chancellor said, that here was a special grievance to the plaintiffs, affecting the enjoyment of their property and the value of it. The obstruction was not only a common or public nuisance, but worked a special injury to the plaintiffs. The principle then is, that in case of a public nuisance, where a bill is filed by a private person, asking for relief by way of prevention, the plaintiff cannot maintain a stand in a court of equity, unless he avers and proves some special injury."

This doctrine is clearly enunciated in vol. 21 of the American and English Encyclopedia of Law [2d Ed.], page 706, where the rule is thus stated:

"In all other cases the complainant must make out a case showing clearly that the act or thing sought to be restrained will become a nuisance; that it will result in substantial injury to him, irreparable in damages or irremediable at law; that the injury will be a natural or inevitable consequence of the act sought to be restrained; and that the danger is imminent."

And again, on page 708 of the same volume, it is said:

"An injunction will not be granted to enjoin a threatened use of property not amounting to a legal nuisance, mere-

ly because it will diminish the value of the complainant's property, or increase the rates of his fire insurance."

And the law seems to be well settled that where the evidence is conflicting, and the injury doubtful, this extraordinary remedy will be withheld. (*Parker v. Winnipiseogee Lake Cotton and Woolen Company,* 2 Black 545.)

Applying these principles to the case under consideration, we are of the opinion that the evidence of the plaintiffs was insufficient to entitle them to the relief sought, and, therefore, the court was fully justified in dissolving the temporary injunction. The judgment of the court below is therefore affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.