**TOWN OF RUSH SPRINGS et al. v. BENTLEY et al.**

No. 10090—Opinion Filed July 1, 1919.

(Syllabus by the Court.)

**1. Municipal Corporations—Location of Sewer Basin and Septic Tank—Injunction by Adjacent Property Owners.**

In an action brought by property owners against a town and its officers to enjoin and restrain the officers from constructing a sewer basin and septic tank in close proximity to their residences, where, upon the trial of the case, the court finds that the location of the sewer basin and septic tank as proposed would emit obnoxious odors sufficient to be detected by and be very offensive to plaintiffs, and to other persons in that vicinity, and the evidence in the case is sufficient to support the findings of fact, there being no other questions involved, it is not error to grant such injunction based upon such facts.

**2. Appeal and Error—Findings—Sufficiency of Evidence.**

In a case properly triable to the court without a jury, the court having made findings of fact, and said findings of fact not being clearly against the weight of the evidence, and the judgment of the court being based upon the findings of fact, the judgment of the trial court will not be disturbed on appeal.

**3. Nuisance—Equity Jurisdiction.**

As a general rule, courts of equity have power to give relief against either public or private nuisances by compelling the abatement, or restraining the continuance, of the existing nuisance, or enjoining the commission or establishment of a contemplated nuisance.

Error from District Court, Grady County: Will Linn, Judge.

Action for injunction by J. M. Bentley and others against the Town of Rush Springs, Okla., and its officers, and the N. S. Sherman Machine & Iron Works. Judgment for plaintiffs granting a permanent injunction, and defendants appeal. Affirmed.

Holding & Herr, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

McNEILL, J. This is an appeal from a permanent injunction granted to J. M. Bentley et al., against the town of Rush Springs, Okla., and its officers, and N. S. Sherman Machine & Iron Works, wherein the court enjoined the defendants from constructing on block 91, in the town of Rush Springs, a certain sewer basin and septic tank. From the order granting the injunction, the town of

Rush Springs and different officers have appealed.

The facts in the case, as gathered from the record, are: The town of Rush Springs had drawn certain plans and specifications and had entered into a contract with Sherman Machine & Iron Works to construct a sewer basin and septic tank on block 91, and was just starting to construct the same. The location of the sewer basin and septic tank would be from 500 to 700 feet from the residences of the defendants in error.

The case was tried in the district court upon the petition of the defendants in error and the answer of plaintiffs in error, and at the request of the plaintiffs in error the court made special findings of fact and conclusions of law. The second and third findings of fact are as follows, to wit:

"(2) The court finds that at least during the summer months the septic tank located as proposed would emit odors so as to be detected by and be obnoxious, not only to the plaintiffs, but to many other families; cannot say to the extent of affecting the health of the plaintiffs, but will be very obnoxious.

"(3) The court finds from the evidence that the proposed basin is some improvement over the Holdenville basin, in that the proposed basin will have a concrete top or cover with vent pipes therein, and an intermediate roof, while the basin at Holdenville has no intermediate roof and a wooden roof, but that the process is the same. The court further finds that unsatisfactory conditions arise inherently from the plant, but of course are aggravated if negligently operated."

From the judgment of the district court granting the injunction, the plaintiffs in error appealed, and assign as error and argue but one question: That the findings of fact Nos. 2 and 3, made by the court, are unwarranted and not supported by sufficient evidence.

This being a case properly triable to the court, without a jury, and the court having made findings of fact, counsel for plaintiffs in error assert the judgment of the trial court is clearly against the weight of the evidence, and that by invoking the rule of this court as applied in the cases of Shock v. Fish, 45 Okla. 12, 144 Pac. 584, Wimberly v. Winstock et al., 46 Okla. 645, 149 Pac. 238, and Mendenhall et al. v. Walters et al., 53 Okla. 598, 157 Pac. 732, the cause should be reversed and judgment rendered for the plaintiff in error under the rule adopted in the above cases.

It is the duty of this court to consider the whole record, and to weigh the evidence, and if, after weighing the same, the judgment is found to be clearly against the weight of the evidence, it is our duty to cause to be rendered such judgment as should have been rendered by the trial court; otherwise, to sustain the judgment. In doing so, we do not deem it necessary in this opinion to set out a detailed statement of the evidence adduced at the trial, and will not attempt to do so.

There were some seven or eight witnesses upon each side, and the examination of said witnesses was somewhat lengthy. The evidence was very conflicting, and, as we gather from the evidence, perhaps there was only one thing upon which the witnesses agreed, and that was, there is a certain odor that comes from a sewer basin and septic tank when receiving the sewerage from a sewer system. As to the kind and character of odor, the parties could not agree. There appears to be a difference of opinion; some of the witnesses state that it was an obnoxious odor, while others state it was very similar to what is commonly known as sewer gas, but was not obnoxious. As to what distance this odor could be detected from the tank, the parties differ very materially. Some of them stated that it could not be detected over 10 to 25 feet, while others stated it could be detected for perhaps the distance of a mile.

It appears there is in use, and has been for a short time, two plants of exactly the same kind and character in operation, one at Ringling and one at New Wilson, Okla. There has been another plant of the same kind and character operating at Holdenville for a number of years, although it is stated that the plant to be installed at the town of Rush Springs will have a different covering and will be an improvement over the one at Holdenville.

The court made its finding as to the distance the plaintiffs' property was from the proposed location of the septic tank. There appears to be no objection to this finding of fact. The distance of the four plaintiffs' properties ranges 500 feet to 700 feet from the location of this septic tank. The court then found that the septic tank located as proposed will emit odors so as to be detected by and be offensive, not only to the plaintiffs, but to many other families, and will be very obnoxious. This finding of fact is supported by a number of witnesses who were familiar with the plant at Holdenville, although the plaintiffs in error produced witnesses who testified that no odor emanated from the operation of the plant. The plants at Ringling and New Wilson had only been in operation a short time, and the evidence in regard to these plants does not aid very much in determining the facts. The trial

court heard the evidence and made his findings thereon, and we cannot say that his findings are clearly against the weight of the evidence; but we think his findings are supported by the evidence.

It is true the court found that the proposed improvement would be an improvement over the one located at Holdenville, but he also found that the odor from the plant would be very obnoxious to the defendants in error in this case, and other families living in that vicinity, and under the findings made by the court this improvement would be a nuisance. Plaintiffs in error suggested the court should not enjoin a contemplated nuisance, and argue that it is not certain that this will become a nuisance; but the findings of the court make this improvement a nuisance such as is defined in section 2515, Rev. Laws 1910. The rule, we think, is well established in regard to enjoining nuisances as laid down in 29 Cyc. 1219, as follows:

"Courts of equity have power to give relief against either public or private nuisances by compelling the abatement, or restraining the continuance of the existing nuisance, or enjoining the commission or establishment of a contemplated nuisance."

This rule is practically sustained in the following cases: West and Severns v. Ponca City Milling Co., 14 Okla. 646, 79 Pac. 100, 2 Ann. Cas. 249; Clinton Cemetery v. McAttee, 27 Okla. 160, 111 Pac. 392, 31 L. R. A. (N. S.) 945; Bixby v. Cravens et al., 57 Okla. 119, 156 Pac. 1184, L. R. A. 1916E. 871; Jones v. State, 38 Okla. 218, 132 Pac. 319, 44 L. R. A. (N. S.) 161, Ann Cas. 1915C. 1031.

While the facts in the instant case are different from the facts in the cases above cited, and it is true that the sewer basin and septic tank is not a nuisance per se, yet when the court found from the evidence that the same would be very obnoxious to the plaintiffs and other people living in that vicinity, which finding is to the effect that the improvement when completed and operated would be a nuisance, it would not be error to grant an injunction. The only question presented and argued was, Was the evidence sufficient to sustain the finding of the court? There being no theory presented why the general rule pertaining to granting injunctions is not applicable, it is practically conceded by all the parties in the case that the case is governed by the general rule applicable to nuisances. The court having found under the facts in this case that the construction of this sewer basin and septic tank would be a nuisance, and the evidence being sufficient to support said finding, leaves but the one question to be decided.

The judgment of the trial court is therefore affirmed.

SHARP, HARRISON, PITCHFORD, and HIGGINS, JJ., concur.