GOODWIN et al. v. STATE BOARD OF ADMINISTRATION et al. (3 Div. 682.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied Jan. 28, 1925.)

1. Statutes ⬤⟞18—Violation of House rules does not impair validity of statute.

Violation of House rules, which are not required by the Constitution, but adopted by the House for its own convenience in the passage of pending legislation, does not impair the validity of a law.

2. Statutes ⬤⟞123(2)—Provision for insurance of state buildings held germane and cognate to title.

The provisions of Acts 1923, p. 769, for an insurance fund, and the insurance of state owned buildings, held not repugnant to Const. 1901, § 45, but germane and cognate to the general subject stated in the title.

---

**3. Insurance ⬅️13½, New, vol. 12A Key-No. Series—Statute authorizing state insurance of state owned property held not to limit board to renewals of existing policies until adequate fund accumulated.**

Acts 1923, p. 773, § 16, relating to insurance of state-owned buildings until sufficient funds are acquired to enable the state insurance fund to carry the insurance, *held* broad enough to authorize insurance of state property with any companies or associations selected in the discretion of the board, and not to limit authority of board to renewal of existing policies.

**4. Injunction ⬅️74—Equity will not control acts of officers within legal authority.**

Equity will not intervene while public officers are acting within authority conferred on them by law to determine whether their action is good or bad.

**5. Injunction ⬅️75—Acts of state board in administration of insurance fund law not controlling injunction so long as within legal authority.**

Acts of state board of administration in administering the provisions of Acts 1923, p. 769, for the creation of an insurance fund, and the insurance of state-owned buildings, will not be controlled or directed by injunction so long as within the authority granted. ·

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by A. J. Goodwin and others, as citizens and taxpayers, against the State Board of Administration of Alabama and the members thereof. From a decree for respondents, complainants appeal. Affirmed.

It is alleged that the respondents are acting under and administering the act entitled "An Act to authorize and provide a fund to be known as the state insurance fund," etc.; that said act is void, for that it was acted on in this manner: After passage by the Senate the bill came duly up for third reading and passage by the House on the forty-eighth legislative day, and, being put to vote, was lost. Thereupon a member of the House who voted in the negative moved to reconsider the vote by which the bill was lost and then moved to table his motion to reconsider, and the motion to table prevailed. It is alleged that such action ended the course of the bill by virtue of House rule 18, which is as follows:

"When a vote has passed, except on a previous question, or on motion to lay on the table, or to take from the table, it shall be in order for any member who voted with the majority to move for a reconsideration thereof on the same day or within one hour after reading the journal on the succeeding day and such motion shall be forthwith considered, unless by a majority vote the same be fixed for consideration at another time; when a motion for reconsideration is decided that decision shall not be reconsidered and no question be twice reconsidered: Provided, however, that a motion to reconsider a vote upon any incidental or subsidiary question shall not remove the main subject under consideration from the House, but shall be considered at the time when it is made."

And it is averred that on the forty-ninth legislative day another member of the House, voting with the majority in the negative upon said bill, moved to take from the table the motion to reconsider the vote by which the bill was lost; that the motion prevailed; that said member then moved to reconsider the vote by which the bill was lost, which motion also prevailed, and the bill was read a third time at length and passed; that said member thereupon moved to reconsider the vote by which the bill was passed, and then moved to table that motion, and the motion to table prevailed.

It is further alleged that the act is unconstitutional and void, for that it contains provisions in sections 2, 15, and 16 thereof, of which no notice is given by the title.

It is further averred that, if the act be valid, respondents are administering it in an unlawful manner, by reinsuring with certain mutual insurance associations or companies, whereas such board is only authorized to obtain extensions or renewals of existing policies, as provided by section 16 of the act.

Ball & Beckwith, of Montgomery, for appellants.

This is not a suit against the state. 36 Cyc. 917; 32 Cyc. 240; Lehmann v. State Board, 208 Ala. 187, 94 So. 94. The act is void for noncompliance with rule 18 of the House. Bales v. State, 63 Ala. 30; 36 Cyc. 958; Montgomery Beer Co. v. Gaston, 126 Ala. 425, 28 So. 497, 51 L. R. A. 396, 85 Am. St. Rep. 42; State v. Wilson, 123 Ala. 259, 26 So. 482, 45 L. R. A. 772; Ex parte Howard-Harrison Co., 119 Ala. 484, 24 So. 516, 72 Am. St. Rep. 928; Moody v. State, 48 Ala. 115, 17 Am. Rep. 28; State v. Buckley, 54 Ala. 612; Moog v. Randolph, 77 Ala. 597. Sections 2, 15, and 16 are not germane to the subject expressed in the title, and the act is void. Const. 1901, § 45; State v. Sayre, 118 Ala. 1, 24 So. 89; Lindsay v. U. S. Sav. & Loan Ass'n, 120 Ala. 172, 24 So. 171, 42 L. R. A. 783; Rice v. Westcott, 108 Ala. 353, 18 So. 844; Sheffield Oil Co. v. Pool, 169 Ala. 422, 53 So. 1027; L. & N. v. Grant, 153 Ala. 112, 45 So. 226; Ex parte Reynolds, 87 Ala. 138, 6 So. 335. Respondents had no right to make contracts with mutual companies, and had no discretion in the premises. The injunction should be granted. Code 1923, §§ 51, 8426, 8436, 8554; Acts 1923, p. 73, § 20; Acts 1919, p. 1121, § 6; Herring v. Griffin, 211 Ala. 225, 100 So. 202; School

Dist. v. Twin Falls County, 30 Idaho, 400, 164 P. 1174.

Harwell G. Davis, Atty. Gen., and James J. Mayfield, of Montgomery, for appellees.

This is a suit against the state, and cannot be maintained. Fitts v. McGhee, 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535; Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140; Hopkins' Case, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Pitcock's Case, 91 Ark. 527, 121 S. W. 742, 134 Am. St. Rep. 88; Comer v. Bankhead, 70 Ala. 493; White v. Ala. Insane Hospital, 138 Ala. 479, 35 So. 454; Ala. Girls' Ind. School v. Reynolds, 143 Ala. 583, 42 So. 114. The courts will not control the discretion of public officers. Lehmann v. State Board, 208 Ala. 185, 94 So. 94; Miller v. State Board, 210 Ala. 619, 98 So. 893; Parke v. Bradley, 204 Ala. 455, 86 So. 28; Reetz v. Michigan, 188 U. S. 505, 23 S. Ct. 390, 47 L. Ed. 563.

ANDERSON, C. J. The bill in this case attacks the Act of 1923, page 769, which provides for the creation of an insurance fund and the insurance of state-owned buildings, and other things incident thereto. It first charges that the act was not legally passed because it violated House rule 18, which is set out in the bill, and, second, that certain provisions or sections there set out or referred to are repugnant to section 45 of the Constitution, in that they are not germane or cognate to the general subject dealt with in the title.

[1] As to the first point, counsel candidly concede that the authorities are against his contention. The rule not being required by the Constitution, but adopted by the House for its own convenience, the fact that it may have been overlooked or violated in the passage of the act did not impair its validity. Tayloe v. Davis, ante, p. 282, 102 So. 433.

[2] We think that the sections of the act attacked by the bill are not only cognate and germane to the general subject or purpose of the bill, as expressed in the title, but were essential to an execution of the scheme or purpose of the act.

[3-5] The proviso in the last section of the bill gives the board ample authority to insure the state's property until sufficient funds are acquired, under the act, to carry adequate insurance. We cannot give this proviso so narrow a construction that it meant merely to authorize the renewal of existing policies and did not authorize the board to insure in other companies. It is broad enough to authorize the insurance of the state's property with any companies or associations which in the opinion and discretion of the board was advantageous to the state. As the board has the authority to act in the matter, and being public officials of the state, the propriety of their conduct cannot be controlled or directed by injunction. Equity will not intervene while public officers are acting within the authority conferred on them by law, to determine whether their action is good or bad. High on Injunctions, §§ 1308 and 1311; Lehmann v. State Board, 208 Ala. 185, 94 So. 94. Moreover, the bill is not so specific and definite as to charge that the contract of insurance entered into by the board with the mutual company has been fully executed, or whether or not they are negotiating and contemplating a final execution of the contract. If the contract has been fully executed, the water has passed the mill, and there is nothing to enjoin. On the other hand, if the arrangement is incomplete, we must presume that this official board will protect the interest of the state and tax payers against the woes and evils portrayed by the bill before a final, executed contract.

The learned trial court pretermitted deciding the question, suggested by appellee, that the bill could not be maintained because the state was the real party respondent and dissolved the injunction for want of equity in the bill. Neither are we disposed to pass on this question since the trial court correctly held that the bill was without equity, even if the suit was not against the state.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, THOMAS, and MILLER, JJ., concur.