195 So. 256

**BRAMMER et al. v. HOUSING AUTHOR-
ITY OF BIRMINGHAM DIST. et al.**

6 Div. 625.

Supreme Court of Alabama.

March 28, 1940.

Clarence Mullins, Harvey Deramus, John S. Foster, and W. J. Wynn, all of Birmingham, for appellees.

Horace C. Wilkinson and Sidney W. Smyer, both of Birmingham, for appellants.

282

Hamiltons & Foreman, of Mobile, Knox, Liles, Jones & Blackmon and R. E. Jones, all of Anniston, and T. E. Martin, of Montgomery, amici curiae.

ANDERSON, Chief Justice.

The bill of complaint in this cause seeks to test the validity of what is termed the "Housing Authority Law." Acts 1935, Pg. 126, as amended Acts 1935, Pg. 947, Acts 1939, Pg. 219, also Acts 1935, Pg. 85. These statutes were enacted for the purpose of enabling the State and its agencies and subdivisions of taking advantage of the aid offered by the Federal Government in providing a better quality of homes for a class of citizens of moderate means and thereby improving living quarters and eradicating what is termed "slum districts" or quarters.

The appellants attack the main Act of 1935, Pages 126 to 143, inclusive, upon the ground that it violates Section 45 of the Alabama Constitution of 1901, in that both by the title and the body it contains two separate and independent subjects, citing and relying chiefly on the often cited and frequently explained case of Ballentyne v. Wickersham, 75 Ala. 533.

As we understand, the title and main or chief subject of the act is the "Housing Authority Act" and think that the other things and authority thereby

conferred or provided are germane or cognate to the title subject. If the object or subject is stated generally in the title and the law embraces matter relevant and pertinent thereto and said title is not used in a restrictive sense, the details incident to the accomplishment of the object and purpose of the act will not render it obnoxious to Section 45. State v. Price, 50 Ala. 568; State ex rel. Bragg v. Rogers et al., 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695; Rogers v. Garlington, 234 Ala. 13, 173 So. 372; Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226; Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858; Mitchell, Judge v. State ex rel. Florence Dispensary and Powers v. Mayor and Aldermen of the City of Florence, 134 Ala. 392, 32 So. 687; Dearborn v. Johnson, 234 Ala. 84, 173 So. 864.

■ Nor do we regard the act as an unauthorized delegation of legislative powers. The act is unlike the one condemned in the case of Mitchell, Judge v. Florence, etc., supra. It is well supported by Franklin v. State, 232 Ala. 637, 169 So. 295; Yeilding v. State, 232 Ala. 292, 167 So. 580; Ex parte City of Birmingham, 199, Ala. 9, 74 So. 51; and State v. McCarty, 5 Ala.App. 212, 59 So. 543.

■ Appellants contend that the Housing Authority Act does not confine the right of eminent domain to a "public use" as distinguished from a general or public benefit and, regardless of the rulings in other states, Alabama has held that the words "public use" are not synonymous with public benefit, relying largely upon the case of Sadler v. Langham, 34 Ala. 311. True, as pointed out in 18 Am.Juris Prudence, Pg. 665, there is a division among the authorities upon this question, many holding that these words, "public use," as used in the organic law relating to eminent domain, should receive an elastic or liberal interpretation, while others hold they should be given a literal or narrow meaning. We think the weight of authority favors the elastic or liberal meaning, including our early case of Aldridge v. Tuscumbia, C. & D. R. R. Co., 2 Stew. & P. 199, 23 Am.Dec. 307, wherein public use and public benefit were held to be synonymous. This case was not only reaffirmed after able argument in the case of Davis v. Tuscumbia, C. & D. R. R.

Co., 4 Stew. & P., 421, but has been approvingly cited in Jones v. New Orleans & S. R. R. Co., 70 Ala. 227. See, also, Reporter's note to Davis case.

■ We do not understand the Sadler case, supra, as overruling the Aldridge case as the opinion cites said case without criticism. Nor do we understand the Sadler case as being in actual conflict with the Aldridge case, as the real holding in the former and its companion that the taking for the road was for a private one and the ad quod damnum proceedings for the mill dam did not disclose that it was not to be for a private use or purpose, and the act was unconstitutional because it authorized the taking of the land for a private use and did not apply to mill dams for public use or benefit. It is needless, however, to attempt to distinguish or reconcile these cases for, if we concede that the narrow meaning should prevail, the great weight of authority holds that the result and purpose to be accomplished under the act in question was for a public use. New York City Housing Authority v. Muller, 270 N.Y. 333, 1 N.E.2d 153, 105 A.L.R. 905; Stockus et al. v. Boston Housing Authority, Mass., 24 N.E.2d 333; In re Opinions of the Justices, 235 Ala. 485, 179 So. 535. See, also, Mt. Vernon Cotton Co. v. Alabama Power Co., 240 U.S. 30, 36 S.Ct. 234, 60 L.Ed. 507; Tallassee Falls Mfg. Co. v. Alabama Interstate Power Co., 186 Ala. 622, 65 So. 287.

■■ The acts involved gave the Housing Board or Authority the power to select the locus in quo and in the absence of a charge that their action was arbitrary, capricious or fraudulent their action will not be disturbed. Stockus v. Boston Housing Authority, supra; Leary v. Adams, 226 Ala. 472, 147 So. 391. Moreover, it seems well settled that the action of a governmental agency acting within its authority will not be controlled or revised by injunction. Goodwin v. State Board of Administration, 212 Ala. 453, 102 So. 718; High on Injunctions, Sections 1308–11; Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 94 So. 94.

"It is a general rule that an injunction will be denied in advance of the creation of an alleged nuisance, when the act complained of may or may not become a nuisance, according to circumstances, or when the injury apprehended is doubtful, contingent or merely problematical. And so where an injunction is sought merely on

the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will, ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free, however, to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance." 20 R.C.L. Pg. 478, Section 91, and many cases cited in notes 17 and 18.

The rule seems to be different, however, when the complainant shows that the injury to him will be a natural or inevitable consequence of the act and is a nuisance per se. Mere fear that it will result in injury to him is insufficient. Kingsbury v. Flowers, 65 Ala. 479, 484, 39 Am.Rep. 14; Rouse v. Martin, 75 Ala. 510, 515, 51 Am.Rep. 463; American Telephone & Telegraph Co. v. Morgan County Telephone Co., 138 Ala. 597, 36 So. 178, 100 Am.St.Rep. 53; West v. Ponca City Milling Co., 14 Okl. 646, 79 P. 100, 2 Ann. Cas. 249 and note page 251.

The trial court did not err in sustaining the demurrer to the bill of complaint and the decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.

NOTE. Since the preparation of the foregoing opinion, we have been presented with a certified copy of the opinion of the Supreme Court of Nebraska, Lennox v. Housing Authority of the City of Omaha, 290 N.W. 451, 291 N.W. 100. This case is in conformity with the present opinion as to the main points involved in the present appeal.