DENARD *v.* THE HOUSING AUTHORITY OF FORT SMITH.

4-6652                                     159 S. W. 2d 764

Opinion delivered March 16, 1942.

*D. L. Grace, I. S. Simmons* and *Charles A. Chandler,* for appellant.

*Harrell Harper,* for appellee.

McHANEY, J. This is an appeal from the decree of the court refusing to enjoin the Housing Authority of the city of Fort Smith from proceeding under the provisions of act 298 of 1937, Pope's Digest, §§ 10059-10088, commonly referred to as "Housing Authorities Act," to condemn their property for the purpose of erecting a housing project for white people, from which they will be excluded. Appellants, plaintiffs below, are negroes, citizens and residents of Fort Smith and of the territory sought to be condemned for said purpose, and they contended below and contend here that said statute, and the acts of appellees thereunder, violated their constitutional rights under the Fourteenth Amendment and under federal laws and the state constitution. The court overruled a demurrer to the complaint and appellees answered with a general denial. Trial resulted in the decree aforesaid, which dismissed the complaint for want of equity.

It is, of course, recognized that this court overruled an attack on the constitutionality of said act in the recent case of *Hogue* v. *Housing Authority of North Little Rock,* 201 Ark. 263, 144 S. W. 2d 49, and the act was sustained as being without constitutional objection on many grounds there set out. But, say appellants, appellees in this case, acting under color of authority of said act, "are attempting to take the homes of negroes for the purpose of building a housing project for white people, from which project negroes will be excluded, by reason of their race or color." It is conceded that the act itself makes no such discrimination, but, it is insisted, that its proposed construction and enforcement by appellees renders it discriminatory as against them. We cannot agree that this is true under the undisputed evidence in this record. Exhibits 1, 2, and 3, introduced by appellants, show that, out of 76 parcels of land in the area comprising the proposed housing project, known as Ark.-3-1, white people own 40 parcels and negroes 36. It is also shown that white families as well as negro families live

in this area, although there are more negro families residing therein, and that the area is predominantly a negro area. Appellants' exhibit 5 is a certified copy of the minutes of a special meeting of the Housing Authority, showing the selection of the site of Project No. Ark.-3-1, and showing the adoption of a resolution employing a firm of architects to prepare plans and specifications for a proposed housing project for negroes to be known as Project Ark.-3-2. We think these undisputed facts which were developed by appellants, as well as other facts testified to by the witnesses, support the court's finding that there was no illegal discrimination against appellants, either because of their race or color, or for any other reason.

We held in the Hogue case, *supra,* that (to quote a headnote): "Since the Housing Authorities Act (Pope's Dig., §§ 10059 to 10088) establishes a public agency for a public purpose, the fact that it conferred on the agency the power to exercise the right of eminent domain does not render it unconstitutional." We do not understand appellants to contend that their property is to be taken, appropriated or condemned for this public purpose without just compensation. If so, they are mistaken, as it could not be done, in the first place, and, in the second, it is not the purpose of appellees to attempt it. The "equal rights" and "equal protection" clauses of the 14th Amendment to the constitution of the United States, and the Acts of Congress enacted pursuant thereto have not been invaded either by said act 298 or by the construction given it by appellees, and the cases cited by appellants are not in point, such as *Buchanan* v. *Warley,* 245 U. S. 60, 62 L. Ed, 149, 38 S. Ct. 16, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201.

In *Brammer, et al.,* v. *Housing Authority of Birmingham Dist., et al.,* 239 Ala. 280, 190 So. 256, in construing a similar contention under an act of Alabama almost identical with our act 298, it was said: "The acts involved gave the Housing Board or Authority the power to select the *locus in quo,* and, in the absence of a charge that their action was arbitrary, capricious or fraudulent, their action will not be disturbed. . . . Moreover, it seems

well settled that the action of a governmental agency acting within its authority will not be controlled or revised by injunction.'' The first sentence quoted above was quoted with approval in *Woodworth, Mayor, et al.,* v. *Gallman, et al.,* 195 S. C. 157, 10 S. E. 2d 316. Many of the states have adopted similar legislation seeking to share in the funds provided by our benevolent Uncle Sam, and the courts have sustained such legislation, including our own. See cases cited in the Hogue case, *supra.*

Here there is no allegation that the action of the Authority was arbitrary, capricious or fraudulent, and, as we have shown, there was no discrimination against appellants on account of their race, either now or impending, so the decree must be and is affirmed.