Lt. George C. WALLACE, of the Department of Public Safety, State of Alabama, et al.

v.

Leon LINDSEY et al.

3 Div. 866.

Supreme Court of Alabama.

March 24, 1960.

Knabe & Nachman, Montgomery, for appellees.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for appellants.

MERRILL, Justice.

Appeal from a decree overruling demurrer to bill for injunctive relief. Complainants are Leon Lindsey and Garde Mutual Insurance Company and respondents are Lt. George C. Wallace of the Department of Public Safety, Floyd Mann, Director of Public Safety, Mrs. Agnes Baggett, Treasurer of the State of Alabama, Frances Lindsey Woods and her attorney, Ramon L. Farnell, Lehman Morgan, Jr., and his attorney, L. H. Walden.

The bill shows that complainant Leon Lindsey suffered damage to his automobile in a collision in 1957 with a vehicle driven by Lehman Morgan, Jr., and complainant Garde Mutual Insurance Company, his insuror, was subrogated to his right upon payment for the damages. The subrogee then made efforts to collect from Morgan. Morgan had deposited security equivalent to the actual amount of complainants' property damages, i. e., $250, with the Department of Public Safety under the provisions of Section 5 of the Motor Vehicle Safety-Responsibility Act, General Acts of Ala-

bama 1951, p. 1224, listed in the cumulative pocket part as Tit. 36, § 74(46).

Complainant Garde Mutual Insurance Company, through its attorney, reached an agreement with Morgan's attorney for the payment of its subrogation claim.

Frances Lindsey Woods, a passenger in Leon Lindsey's automobile, obtained a judgment against Lehman Morgan, Jr. in October, 1958, for injuries she suffered in the same collision.

The bill then alleges:

"That the security filed by Lehman Morgan, Jr. under Title 36, Section 74 (46) et seq., Code of Alabama 1940 was filed to cover property damages to Complainant Lindsey's automobile growing out of the said accident and that no security has been filed on behalf of Lehman Morgan, Jr. to cover any other injuries or damages.

"That the damages for which security has been filed were liquidated and made certain before the damages were reduced to judgment in the case of Frances Lindsey Woods. That the property damages were made subject to an agreement between Leon Lindsey's subrogation insuror, Garde Mutual Insurance Company, Inc., a Corporation, before the judgment was entered in the case of Frances Lindsey Woods, though such agreement was not followed resulting in suit for judgment for complainants against Lehman Morgan, Jr. for property damage to the said automobile."

The prayer of the bill sought a temporary injunction against Lt. George C. Wallace, Director Floyd Mann and State Treasurer Baggett restraining them "from making any disbursements or in any way disposing of said security deposited by said Lehman Morgan, Jr. pending further order of this Court; and will further enjoin Respondents Lehman Morgan, Jr., L. H. Walden, Frances Lindsey Woods and Ramon L. Farnell or their heirs, assigns, successors or purchasers in interest from withdrawing any funds deposited with the State of Alabama as security for damages growing out of the above accident of February 10, 1957; that upon a final hearing in this cause your Honors will award security heretofore filed by Lehman Morgan, Jr. with the State of Alabama to your Complainants for satisfaction of their judgment for property damages to the automobile belonging to Leon Lindsey."

The court overruled the appellants' demurrers and issued the temporary restraining order pending further order of the court upon a full hearing of the merits. Respondents Wallace, Mann and Baggett appealed.

The one assignment of error is that the court erred in overruling respondents' demurrers to the bill of complaint. This assignment is sufficient, but under such assignment, we treat only those grounds of demurrer insisted on in brief of appellant as having been well taken. Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30.

Section 2(a) of the Safety-Responsibility Act provides as follows:

"The director shall administer and enforce the provisions of this Act and may make rules and regulations necessary for its administration and shall provide for hearings upon request of persons aggrieved by orders or acts of the director under the provisions of this Act."

Section 10 of the Act provides, in part, as follows:

"Security deposited in compliance with the requirements of this Act shall be placed by the director in the custody of the state treasurer and shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made, for damages arising out of the accident in question in an action at law, begun not later than one year after the date of such ac-

cident, or within one year after the date of deposit of any security under subdivision 3 of section 7, or to the payment in settlement agreed to by the depositor, of a claim or claims arising out of such accident. * * *"

Section 1(b) defines "judgment" as:

"Any judgment which shall have become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages."

Ground 8 of the demurrer reads:

"For aught that appears, the judgment recovered by the complainants in the sum of three hundred fifty-three dollars nine cents ($353.09) has not become final; and, therefore, said complainants are in no way entitled to the two hundred fifty dollars ($250.00) security deposited with the respondents."

■ Appellants argue that this action is premature because the bill shows on its face the complainants recovered their judgment on January 22, 1959, and their bill was filed four days later, while the Act does not give the Department of Public Safety any power or discretion over the security until the time for appeal has expired. The bill shows on its face that the judgment was obtained in the Circuit Court of Montgomery County and the defendants in that action would have six months in which to appeal. Tit. 7, § 788, Code 1940. We think this ground of demurrer was good and should not have been overruled.

■ Other grounds of demurrer argued are that there is no equity in the bill and that for aught appearing, appellants are going to comply with appellees' wishes. We have held that if the relief sought is preventive, there must be a state of affairs which actually threatens and calls for present relief. American Federation of State, County and Municipal Employees v. Dawkins, 268 Ala. 13, 104 So.2d 827.

■ Certain it is that there is no allegation of a denial of any request or demand, or that it had ever been conveyed to appellants prior to suit that appellees would like for the security to be withheld or that appellants have threatened or even hinted that it would be disposed of. There is no allegation that appellants had any knowledge of appellees' suit or judgment prior to the filing of the bill in this cause. There is no allegation as to what appellants *may* do unless restrained.

A case in point is Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 94 So. 94, 95, where it was said:

"However, if the act in question, be valid, still the bill is without equity, since neither the trial court nor this court can know in advance of the hearing of the charge preferred that the board will revoke or cancel appellant's certificate or license. The statements in the allegations and prayer of the bill that the board will revoke or cancel the certificate unless enjoined or restrained by the court is of necessity not only a mere conclusion, but an unwarranted apprehension of the pleader. So far as the courts can know from the allegations of the bill, the board may decline to revoke or cancel appellant's certificate, and may allow him to continue to practice his profession thereunder. Hence there is no equity in the bill, for the reason that a court of equity will not enjoin a board or commission vested with quasi judicial and administrative authority from acting as to matters within their jurisdiction and

power merely because it is apprehended that they may decide erroneously.

\*   \*   \*   \*   \*   \*

"The Legislature has the undoubted power to delegate to officers, boards, or commissioners of its own creation and appointment certain governmental powers for the more efficient administration of the law, subject, however, to certain limitations of the Constitution. Parke v. Bradley, 204 Ala. 455, 86 So. 28; Railroad Commission v. Alabama Northern Railway Co., 182 Ala. 357, 62 So. 749.

"Courts of equity rarely interfere by injunction with proceedings and determinations of inferior boards, commissions, or tribunals which are clothed by the Legislature with special governmental powers, though such powers be quasi judicial as well as administrative. \*   \*   \*"

Other cases holding that the action of a governmental agency acting within its authority, where there is no charge that their action was arbitrary, capricious or fraudulent, will not be controlled or directed by injunction are Brammer v. Housing Authority of Birmingham Dist., 239 Ala. 280, 195 So. 256; Goodwin v. State Board of Administration, 212 Ala. 453, 102 So. 718; Long v. Shepherd, 159 Ala. 595, 48 So. 675.

The bill here is without equity and a bill without equity will not support an injunction of any character under any circumstances. Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606, and cases there cited.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, STAKELY and GOODWYN, JJ., concur.