# Mobile County *v.* Sands, Admr. *et al.*

*Action against a County to recover Interest due upon Lost Bond.*

1. *Suit on lost bond; burden of proof; admissibility of affidavits.* In an action upon a lost bond, where there is attached to the complaint an affidavit of the plaintiff of the loss and destruction of said bond, as provided by statute (Code, § 31), the burden of proving the loss and contents of the instrument sued on is shifted from the plaintiff onto the defendant; but if, as is provided by the statute, the defendant files a verified plea denying the execution of the instrument, the burden is shifted back again onto the plaintiff; and the operation of the affidavit being defeated by the interposition of such a plea, upon the trial of the cause upon issue joined upon said plea, such affidavit is illegal as evidence, and inadmissible.

2. *Same: admissibility of evidence.*—In an action upon a lost bond, alleged to have been accidentally lost, it is not competent for the plaintiff, in the discharge of the burden of proving the loss, to show that the owner, soon after the alleged loss, had secured the services of an agent and attorney to insert an advertisement in a newspaper, stating that the bond involved

in the suit had been lost, offering a reward for it, and warn-
ing all persons against trading for it; and likewise the ad-
vertisement, as printed in the newspaper, purporting to be
signed by such agent and attorney, is inadmissible in evi-
dence.

3. *Action on lost county bond; suit can be maintained by resi-
   duary legatees.*—Where after tne loss of a county bond with
   the coupons attached, the owner thereof dies testate and the
   bond and coupon constitute in part his residuary estate, be-
   queathed to certain named parties, and there is a finaɪ settle-
   ment of his estate, such residuary legatees, as beneficial
   owners of said lost bond and coupons, can maintain an action
   against the county to recover the amount due on said cou-
   pons.     And this is true, whether at the time of the loss
   the bond was not commercial paper, or if by reason of a sub-
   sequent statute it had become commerɕial paper.

4. *Same; loss by ..eft within the meaning of the statute.*—The
   loss of a county bond by theft or robbery is within the provis-
   ions of the statᴜⅼ ate which authorizes a suit brought upon a
   bond, note, bill of exchange or other mercantile instrument,
   which has been lost or destroyed by accident, (Code, § 31).

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

R. M. Sands, as administrator of John M. Nardin,
deceased, and Tell Nardin, brought this action against
Mobile County to recover $960 alleged to be due the
plaintiffs for interest for the years 1887-1898, inclusive,
on a one thousand dollar bond, issued by Mobile County,
bearing interest at 8 per cent. and payable semi-annually,
as evidenced by coupons attached to said bond.     The
complaint alleged that the said bond and the 24 cou-
pons had been lost or destroyed by accident.     The suit
was instituted on December 12, 1898.

There was attached to the complaint the separate affi-
davits of Tell Nardin and R. M. Sands, administrator
of John Nardin, deceased, in which the affiants stated
that Tell and John Nardin were joint legatees under the
will of their deceased uncle, Lucien Nardin, and that
said Lucien Nardin was the owner of the bond num-
bered 17 issued by the county of Mobile under the act of
the General Assembly approved January 24, 1879, and

that said bond had been lost or destroyed by accident.

The defendant pleaded the general issue, the statute of limitations of 3, 6 and 10 years, the want of consideration and special pleas numbered 8 and 9 which are copied in the opinion. These pleas, Nos. 8 and 9, were verified by affidavit. As stated in the opinion, there were replications filed to these pleas. The replications were demurred to, but it is unnecessary, under the decision on the present appeal, to set out these pleadings in detail.

The evidence for the plaintiff tended to show that Lucien Nardin was, at the time of his death, the owner of bond No. 17, to which the coupons involved in this suit were attached. That said bond, together with other bonds, were stolen from Lucien Nardin before he died; that upon the discovery of the robbery, said Lucien Nardin advertised the fact of the loss of the bonds and tried to recover them, but had been unable to do so. The bill of exceptions states: "Plaintiffs offered in evidence a certified copy of the letters of administration of R. M. Sands on the estate of John Nardin, deceased, and also a certified copy of the will of Lucien Nardin, deceased, which showed that Lucien Nardin had died testate, that his will was probated prior to 1890, and that John and Tell Nardin were his residuary legatees." Plaintiffs also offered in evidence the transcript of the proceedings in the probate court, which showed a settlement in said court by the executor of Lucien Nardin, in which the balance remaining in the hands of said executor, after the payment of all of the debts of the estate of said Lucien Nardin, was distributed to Tell and John Nardin as the sole residuary legatees and devisees of Lucien Nardin.

Upon the plaintiff's counsel offering to read to the jury and to introduce in evidence the affidavits of Tell Nardin and R. M. Sands which were attached to the complaint, the defendant objected upon the ground that under the state of the pleadings, the said affidavits were no part of the plaintiff's complaint and that they were irrelevant and inadmissible in evidence. The court overruled this objection, and the defendant duly excepted.

[Mobile County v. Sands, Admr., *et al.*]

The plaintiff sought to introduce in evidence the advertisement stating the loss of the bond numbered 17, which advertisement was signed "Frederick G. Bromberg, Attorney." In this connection, there was evidence introduced that Lucien Nardin had employed Mr. Bromberg as his attorney to try to recover the possession of the bond stolen from him. The defendant objected to the introduction of such advertisement, the court overruled the objection, and the defendant duly excepted. The plaintiff also introduced in evidence the petition of Lucien Nardin, addressed to the Board of Commissioners of Road and Revenue of Mobile County, averring the loss of said bond, and asking that a duplicate of said bond be issued, and that said Board grant unto the petitioner the proper relief in the premises. There was also introduced in evidence a similar petition filed by Henry L. Lesquereux, executor of said Lucien Nardin. These petitions were refused by the Board of Road and Revenue. The plaintiffs also introduced in evidence a petition filed by their attorney, seeking to have the commissioners recede from their ruling in overruling the petition of Lucien Nardin and his executor. It was also shown that there was filed with the Board of Commissioners of Road and Revenue a verified and itemized claim for said bond. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

After the court had given his charge *ex mero motu* to the jury, the defendant separately excepted to certain portions thereof as follows: (1.) To that portion of the charge which states in effect that the statute intended to cover a theft of papers. (2.) Defendant also excepted to that portion of the charge which states that stolen property is embraced in property described as lost or destroyed by accident in this statute. (3.) Also to that portion which states in effect that if the evidence shows that Lucien Nardin was the owner of the coupons, then the plaintiffs are entitled to recover. (4.) To that portion which states that a thief does not acquire title and does not give any.

The defendant requested the court to give the general

[Mobile County v. Sands, Admr., *et al.*]

affirmative charge in its behalf, and duly excepted to the court's refusal to give such charge.

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SULLIVAN & STALLWORTH, for appellant.—The complaint alleges that the coupons sued on have been lost. Then the owner of the coupons had a claim against the county upon which he could not bring a suit against the county until it had been presented to the Board of Revenue and Road Commissioners and had been disallowed or reduced by them.—Code, § 13. Under the decision made in *Commrs. v. Rather*, 48 Ala. 433, and *Caldwell v. Dunklin*, 65 Ala. 461, it may be that a holder of the coupons themselves might sue without previous presentation, but this rule does not cover the *claim* of appellants that as residuary legatees of Lucien Nardin, deceased, the appellee owes them $960 past due interest on a bond stolen from said decedent several years prior to his death. The *claim* for the money alleged to be due plaintiffs should have been presented to the said board for consideration. Such claim must have been "sworn to by the claimant or some person in his behalf having *personal* knowledge of the facts."—Code, § 1417. Complaint should have averred presentation as required by Code, section 13 and section 1417.— *Schroeder v. Colbert Co.*, 66 Ala. 137.

The statute provides that suit may be brought on a bond, note, bill of exchange, or other mercantile instrument, *which has been lost or destroyed by accident*, etc. Code of 1896, § 31. If Lucien Nardin ever owned the instruments in question, the proof shows that they were *stolen*. In the absence of statutory provisions, *a suit at law was not maintainable* on a lost bill or note, *the title to which would pass by delivery*, whether the loss was before or after the maturity of such note or bill.—*Posey & Caffee v. Decatur Bank*, 12 Ala. 802. The title to the bond and coupons passing by delivery, the present statute is therefore amendatory of the common law.

32

[Mobile County v. Sands, Admr., *et al.*]

A statute in modification or derogation of the common law will not be presumed to alter it further than is expressly declared, the presumption being that the language and terms of the statute import the alteration or change it was designed to effect, and their operation will not be enlarged by construction or intendment. *Cook v. Meyer,* 73 Ala. 580; *Lamar v. Youngblood,* 73 Ala. 587.

On February 10th, 1891, when Henry C. Lesquereux, as executor of Lucien Nardin, deceased, made a final settlement of his administration in the probate court no mention was made of any claim to the stolen bond or coupons. At that time it was nothing more than an uncollected claim, if anything at all, and the title to the same vested in the administrator *de bonis non* with the will annexed of Lucien Nardin, deceased, and not in Tell Nardin, a legatee and the administrator of a deceased legatee, John Nardin.—Code of 1896, §§ 111, 237, 238 and 344; *Moorer v. Moorer,* 87 Ala. 545; *Stewart v. L. & N. R. R. Co.,* 83 Ala. 493.

Moreover, the uncollected claim, if any existed, never was assigned to appellees, so they could sue upon it in a court of law.—Code of 1896, § § 237 and 238. And section 344 of the same Code, estops the appellees.

JOHN R. TOMPKINS, *contra.*—The character of this suit is fully set out in the complaint, as a suit to recover the amount of certain coupons which have matured, and which with the bond to which they are attached, have been lost or destroyed by accident.—Code of Alabama, § 31. The lost bond and its coupons were issued under an act of the General Assembly.—See Acts 1878-9, p. 252. Bonds are not required to be presented to the Board of County Commissioners; they are the county's contracts fixed by law and certain in their character.—*Carroll v. Dunklin,* 65 Ala. 461; *Shinbone v. Randolph.* 56 Ala. 183; *Commissioners Court v. Rather,* 48 Ala. 433.

After such contract, subsequent legislation cannot affect or change it.—*Commissioners Court v. Rather,* 48 Ala. 433. Coupons which are attached to a bond are

not barred by the statute of limitations until the bond is barred.—*Kennesho v. Lawson,* 9 Wallace, 477; *Mayor v. Porter,* 2 Pac. Rep. 884.

The property in this lost bond and its coupons is in the appellees as residuary legatees of Lucien Nardin, deceased. Sale of personal property by one in possession having no title is void.—*Leigh v. M. & C. R. R. Co.,* 58 Ala. 165.

No one's property can be taken without his consent. *Blackman v. Lehman,* 63 Ala. 547.

The county is estopped from denying the execution of these bonds after issuing and getting the money on them.—*Oden v. Dupuy,* 99 Ala. 36; *Parsons v. Joseph,* 92 Ala. 403; *Brewton v. Spira,* 106 Ala. 229; 2 Am. & Eng. Encyc., 26.

McCLELLAN, C. J.—This action is prosecuted by Tell Nardin and R. M. Sands, as administrator of John Nardin, deceased, against Mobile county on past due coupons issued with and originally attached to bond No. 17 of a series of twenty-five bonds of one thousand dollars each, issued by the county of Mobile under an act of the legislature approved January 24, 1879. The complaint, after setting forth the cause of action, averred that said bond, and the coupons counted on thereto attached "have been lost or destroyed by accident, and that the same nor any part thereof have been paid nor otherwise discharged, of which facts an affidavit as provided by law is filed with the complaint." The complaint also avers that before the commencement of the suit, plaintiffs presented the claim sued on "with an itemized statement thereof, verified by the affidavit of a person having knowledge of the same to the Board of Revenue and Road Commissioners of Mobile county at a regular session of said board for payment, which was refused." Defendant among others interposed the following pleas, which were verified: "8. Plaintiffs do not own the coupons or claims sued on, or the debt evidenced thereby," and, "9. * * * That the coupons described in the complaint upon which the action is founded were not issued by defendant, or by any one authorized to

bind it in the premises." On this state of pleading in the connection under consideration, the plaintiffs were allowed against defendant's objection to read to the jury in connection with the complaint the affidavits of Tell Nardin and R. M. Sands, the plaintiffs, to the effect that the coupons sued on belonged to the plaintiffs, that the. bond for interest upon which they were issued and to which they were attached, and said coupons were issued by the county of Mobile under the act of January 24, 1879, said bond being numbered 17, that said interest evidenced by said coupons is payable semi-annually to the maturity of the bond in the year 1909 on first days of February and August, that there was due on each coupon attached to said bond from August 1, 1886, to August 1, 1898, the sum of forty dollars, or the total sum of nine hundred and sixty dollars, and that said bond with all the unpaid coupons thereto attached had been lost or destroyed by accident, and that the same nor any part thereof had been paid nor otherwise discharged. These are the affidavits referred to in the complaint. They are statutory affidavits, being provided for and their office prescribed by section 31 of the Code. That section so far as applicable here is in the following language: "Suit may be brought on a bond, note, bill of exchange, or other mercantile instrument, which has been lost or destroyed by accident; and if affidavit is made by the plaintiff of such loss and destruction, and the contents thereof, and that the same has not been paid or otherwise discharged, and accompanies the complaint, it must be received as presumptive evidence, both of the contents and loss or destruction of such instrument, unless the defendant by plea, verified by affidavit, denies the execution of such bond. note, or bill, or the indorsement, acceptance, or the contents thereof, in which case proof of such execution, indorsement, acceptance, or contents must be made by the plaintiff." The statute is enabling and permissive, but not mandatory. Suit on a lost instrument may be brought without the affidavit, but if so brought the burden of proving the loss and contents of the instrument is on the plaintiff. When the affidavit is made, its sole

operation and effect is to shift this burden onto the defendant.—*Glassell v. Mason,* 32 Ala. 719; *Parker v. Edwards,* 85 Ala. 246. But by the express provision of the statute this onus is shifted back again onto the plaintiff when the defendant by verified plea denies the execution of the instrument.—*Edwards v. Parker,* 88 Ala. 356. So that the effect of such a plea is to entirely emasculate and render innocuous the affidavit, defeat its only operation and to leave the case to stand as if it had never been made. As we have seen, there was a plea of *non est factum* in this case. Also a plea denying plaintiffs' ownership of the instruments sued on. These presented the sheer issues of execution by defendant and ownership by plaintiffs, and upon those issues the burden was with the plaintiffs. Upon them they were allowed to read Nardin's and Sand's affidavits to the jury. Those affidavits were directly pertinent to those issues, but they were clearly illegal as evidence. They were not parts of the complaint, and having had their whole office in the case wrested from them by the plea, they stood upon the same footing as any other *ex parte* deposition of the affiants; a footing of incompetency and inadmissibility. The court, in our opinion, erred in allowing them to go or be read to the jury.

The theory of plaintiffs was that Julien Nardin, now deceased, owned this bond and these coupons, that he lost them by accident and that the title to them passed to Tell and John Nardin by the last will of Julien Nardin: The burden being on plaintiffs to show Julien Nardin's ownership of the instruments and their accidental loss by him, they were allowed in discharge of this burden to show that said Julien soon after the time of the alleged loss, had procured Mr. Bromberg, his agent and attorney, to insert an advertisement in a newspaper stating that bond No. 17, involved in this suit, had been lost, offering a reward for it, and warning all persons against trading for it, etc., etc., and the court also allowed them to introduce the advertisement as printed in the paper purporting to be signed Fred'k. G. Bromberg, Attorney. The basis of all this evidence was a mere declaration of Julien Nardin to Mr. Bromberg

in effect that he, Nardin, owned and had lost this bond. It was hearsay, not part of the *res gestae* of any fact or situation pertinent to the case, and the advertisement and all the testimony relating to it should have been excluded.

Assuming without deciding that plaintiffs' claim was such a one as is required to be presented to the commissioners by section 13 of the Code in the manner, etc. prescribed by section 1417, we think the evidence shows such presentation when the petitions of Julien Nardin and Lesquereux, his executor, the action of plaintiffs' attorney in seeking to have the commissioners recede from their action overruling said petitions, and to have them allow the same as prayed in those petitions, and the other evidence as to the verification and itemization of the claim is taken and considered together. The statute does not require the verification of such claims, at least when made by the claimant, to recite that he has *personal* knowledge of its correctness.—Code, § 1417.

At the time Julien Nardin executed his will, at the time the evidence tends to show he lost the coupons and at the time of his death the bonds and coupons were not commercial paper.—*Blackman v. Lehman, Durr & Co.*, 63 Ala. 547; *Reid v. Bank of Mobile*, 70 Ala. 199. If for the purposes of this suit the status of non-negotiability is to be considered as still upon them, these plaintiffs are entitled to maintain this action as beneficial owners. On the other hand, if they are now to be treated as commercial paper by force of the act of February 28, 1889, embodied in section 875 of the Code, the will of Julien Nardin, taken in connection with the facts that the bond and coupons constituted in part his residuary estate bequeathed to Tell Nardin and John Nardin and that there has been a final settlement of his estate, is as against the thief who purloined them from the testator, and in whose hands they now are presumptively, a transfer by constructive delivery to plaintiffs vesting in them the legal title necessary to the maintenance of this action; the thief's mere naked and tortious possession for the purpose of passing title from the testator into the legatee being considered the possession of the trans-

feror before and of the transferee after the transfer, he, of course, having at no time any title or right of possession.

We are of the opinion that the view declared by the trial court that a loss by theft is within the statute is the correct one. The qualifying statutory phrase "by accident" may operate to defeat the application of the provision to cases where the holder has intentionally destroyed or lost—thrown away, for instance—the paper, but beyond this we are sure that the *quo modo* of the loss is immaterial. A loss by theft is essentially, within the purview of the statute, a loss by accident so far as the holder is concerned. And this construction is reinforced by section 32 of the Code providing indemnity and thereby evincing a contemplation that the paper is still extant.

Many rulings were made on the pleadings. We deem it unnecessary to discuss them all in detail. The case finally got to the jury upon a fair presentation of its real issues; and if any error was committed in rulings on demurrers, motions to strike, etc., etc., they involve no injury. The complaint, we think, sufficiently averred the execution by the county of the bond involved in the suit and of the coupons sued on. Moreover whether the bond and coupons were duly executed or not, if the county, having statutory authority to execute these papers, in fact, *issued* them, and received the money evidenced by the bond, and retained and used it for the statutory purpose, it cannot now be heard to say that it did not *execute* the bond or the coupons.

In the many rulings of the court excepted to and not covered by what we have said, we find no error.

Reversed and remanded.