# Rose. Mayor, *v.* Lampley, Judge.

## *Mandamus.*

(Decided June 5th, 1906. 41 So. Rep. 521.)

1. *Intoxicating Liquors; Dispensaries; Conflicting Statutes.*—The act authorizing the creation of dispensaries (acts 1898-99, p. 110) does not authorize the establishment of such dispensaries at places where, at the time of its passage, the sale of liquor was restrained or prohibited.

2. *Statutes; Extension by Reference to Title.*—Local acts 1898-99, p. 1632, declaring that the "Moody Bill," in its provisions, should be operative in the town of Georgiana is unconstitutional, as violative of § 45, constitution of 1901, in attempting to extend the provisions of a law by reference to its title.

3. *Statutes; Express Repeal; Application of Repealing Act.*—While the act of Feb. 23, 1899 (Local acts 1898-99, p. 1632) repealed by express terms the prohibition act of Feb. 26, 1887, so far as the same relates to the town of Georgiana, such act did not

[Rose, Mayor, v. Lampley, Judge.]

repeal the act of Feb. 20th, 1889 (acts 1888-89, p. 512) prohibiting the sale of liquor in Butler county.

4. *Mandamus; Compelling Official Action; Interest of Relator.*—The mayor of a town cannot compel by mandamus the judge of probate to perform duties imposed upon him by statute, he showing no right to have such duty performed, although the municipality might do so.

APPEAL from Butler Circuit Court.

Heard before HON. J. C. RICHARDSON.

The nature of the proceedings and the facts connected therewith are sufficiently stated in the opinion of the court.

POWELL & HAMILTON, for appellant.—On Feb. 19, 1887, the general assembly passed an act prohibiting the sale of liquors except in beat 12 in Butler county.—Acts 1886-87, p. 395. On the 26th of Feb. 1887, the same legislature passed a general prohibition law for Butler county. On Feb. 20, 1889, the general assembly passed an act amendng section 1 of the first act referred to. On Feb. 18, 1899, the general assembly passed the dispensary act. On the 23rd of Feb. 1899, the general assembly passed an act to repeal the prohibition act of 1887, so far as the same related to the corporate limits of the town of Georgiana. Under the dispensary law, therefore, the town of Georgiana is entitled to operate a dispensary.

A. E. GAMBLE, JOHN D. BURNETT and PEARSON & RICHARDSON, for appellee.—The act approved Feb. 26, 1887, was repealed by the act approved Feb. 20th, 1889. —*Ex parte Pierce,* 87 Ala. 112. The prohibition law approved Feb. 19, 1887 is in force in Butler county, and Georgiana is not entitled to have a dispensary.

TYSON, J.—The object sought to be accomplished by this proceeding is to compel by mandamus the respondent, as judge of probate, to discharge a certain duty imposed upon that class of officers by the act of February 18, 1899, known as the "Dispensary Act," to-wit, to call

a meeting of the court of county commissioners of his county in order to furnish to the petitioner the names of three men having the qualifications of a dispenser, etc., in the town of Georgiana.—Gen. Acts, 1898-99, p. 110. Of course, no such duty is upon the respondent if the act referred to is not in force in that town. It is entirely clear from the act that it was the intention of the legislature that dispensaries were not to be established under it when there is in force any law, local or general, which tends "to prohibit, retard, restrain or restrict the traffic in spirituous, vinous or malt liquors or intoxicating drinks of any kind."

It is in effect conceded by appellant's counsel that on the date of its approval there was in force in the town of Georgiana a local prohibition statute; that no intoxicating liquors of any kind could be legally sold in that town or the county in which it is situated, except in beat 12. —Acts 1888-89, p. 512; *Ex parte Pierce,* 87 Ala. 110, 6 South. 392. But it is contended that this prohibitive act was repealed by the act of February 23, 1899.—Loc. Acts 1898-99, pp. 1632-1633. This might be conceded, and yet it may be doubted whether the dispensary act would be in force in the town or county unless the third section of the supposed repealing act is valid and operative. That section undertakes to make the dispensary act operative in the town of Georgiana by mere reference to the "Moody bill." It reads as follows: "Be it enacted, that the provisions of the Moody bill be operative under this act at the expiration of sixty days." Independent of the omission of all reference to this subject in the title of the act, and its indefiniteness and uncertainty as to what is referred to, it is clearly violative of that clause of the constitution which prohibits the provisions of any law to be extended by reference to its title only.—Section 2, art. 4, Const. 1875; § 45, Const. 1901; *Stewart v. Court of County Commissioners,* 82 Ala. 209, 2 South. 720; *Miller v. Berry,* 101 Ala. 531, 14 South. 655; *Rice v. Westcott,* 108 Ala. 353, 18 South. 844. But it seems to be insisted that, had this section been omitted and if the act operated as a repeal of the prohibitive

statute, the dispensary law would be in force in Georgiana anyway. It does not appear that it was the legislative intention that this law should be so elastic as to extend to all locations where local prohibition acts have been repealed since its passage. The legislature certainly has never given it such a construction. To the contrary, the legislative construction has been that it does not. This is clearly manifested, not only by the section above quoted, but also by the passage of a number of local statutes establishing dispensaries in theretofore prohibited districts. Indeed, the writ of quo warranto could never have been properly awarded in the case of *This Appellant et al. v. State ex rel. Sims,* 40 South. 951, if this contention be sound. For clearly, if the general dispensary act was in force in Georgiana, it was of no moment whether the local act authorizing the operation of the dispensary was constitutional or unconstitutional.

We do not wish, however, to be understood by the concessions here made, solely for the purpose of this decision, as holding that the act of February 23, 1899, was a repeal of the act of February 20, 1889.—Acts 1888-89, p. 512. To the contrary, we are clearly of the opinion that it was not. The supposed repealing act in its title and body particularizes no other law than the act of February 26, 1887.—Acts 1886-87, p. 700. In short, that is the only act referred to, excluding all reference to any other. *"Expressio unius est exclusio alterius."* Its language is unambiguous and plain, and therefore there is no room for construction. It is true that the act of February 26, 1887, had been repealed by the act of 1889; but this act does not warrant the court's extending the general repealing clause contained in section 2 of the act of 1899, to a subject not enumerated in it, viz., the act of 1889. It is clear to us that the legislature either did not know or overlooked the fact that the act of 1887 had been repealed by the act of 1889.

It is not the province of courts to enact laws, but to construe them. Nor can they, under the guise of construction, extend the legislative intent to a subject not included in the act, but rather excluded by its plain lan-

[Graham v. City of Tuscumbia, et al.]

guage, for the purpose of correcting a mistake on the part of the legislature. Furthermore, the petition in this case it not exhibited by the municipality under its corporate name, "The Town of Georgiana," which, under its act of incorporation, is endowed with the right of maintaining suits, etc. It is true the dispensary act imposes the duty upon the mayor and other chief executive officers of the municipality to certify the fact of vacancy in the office of dispenser to the judge of probate in the county in which the town is situated; but this is merely for the purpose of putting in operation the machinery by which the vacancy in that office may be filled, and does not confer upon the mayor the right to enforce the performance of that duty. It is a duty owing to the municipality, and not to the mayor, as its officer. This being true, the petitioner has shown no right, and, indeed, could not, to be conserved by the writ sought by his petition. On this point we apprehend it is of no moment that it is not assigned as a ground of demurrer. We will certainly not reverse the judgment denying the petition when on its face it shows that the complaining party has no right to have the duty performed by the party against whom the writ is sought to be issued, and especially where the petition cannot be amended as here.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.