142 So. 71

**STATE ex rel. COFFIN v. HAMILTON.**

1 Div. 727.

Supreme Court of Alabama.

May 26, 1932.

Frank S. Coffin and Armbrecht, Hand & Twitty, all of Mobile, for appellant.

J. Gaillard Hamilton and Stevens, McCorvey, McLeod, Goode & Turner, all of Mobile, for appellee.

BROWN, J.

The question involved in this case is the validity of the selection of the appellee as judge of the juvenile court created by the act approved September 9, 1927, creating said court and his right to continue in and exercise the functions of said office.

Section 2 of the act provides: "There is hereby created a Juvenile Court Commission which shall be composed of seven (7) resident citizens of said counties who shall be chosen on account of their knowledge, interest in, care, education and welfare of youths of both sexes and who shall serve without compensation. The Board of Revenue and Road Commissioners, or by whatever name they shall be known of said counties shall appoint three members of the said Juvenile Court Commission who shall hold office at the pleasure of the said Board of Revenue and Road Commissioners, or by whatever name they may be known. The Board of City Commissioners, or other governing board of such cities or towns in which said courts are established shall appoint three members of said Board who shall hold office at the pleasure of said Board or Governing Board of such cities or towns in which said Courts are established. The six members of the Juvenile Court Commission thus appointed shall choose the seventh member of the said Juvenile Court Commission, who shall hold office for five years or until his successor shall be chosen. Women shall be eligible to membership on said Juvenile Court Commission. Four members of said Commission shall constitute a quorum. Said Commission shall annually choose its President, vice-President and Secretary who shall hold office until their respective successors have been elected and qualified. The Secretary shall record its proceedings and its officers shall perform the usual duties indicated by their titles. Said Juvenile Court Commission shall perform, among others, the following duties: (a) *They shall appoint the Judge of said Juvenile Court;* (b) shall appoint all Probation Officers and servants of said Court, except the Clerk of said Court and said Probation Officers and servants shall hold their places at the will of the Commission. All appointments shall be made subject to the approval and with the consent of the judge of said Court; (c) and they shall exercise such powers and duties as may be now or hereafter imposed by Law and such as are necessary or proper for performing the functions above stated; but they shall not any of them preside

over the Court or be its Clerk or other officer except as above stated." Acts of 1927, pages 654, 655. (Italics supplied.)

The record shows that at a regular meeting of the juvenile court commission created by the act, held on the 25th day of May, 1931, a quorum being present, the commission proceeded to select from the applicants a judge of said court, by ballot. Each member was furnished a slip of paper on which the name of the applicant he thought should be selected was written. These ballots were then taken up and counted. The first ballot resulted in no selection, and another ballot was, in like manner, taken, and the appellee received four votes and the relator two.

The minutes of the meeting then recite: "The Chairman announced the result, formally, as four (4) votes for Mr. J. G. Hamilton, a majority of those present, all having voted, and declared Mr. J. G. Hamilton elected Judge of the Juvenile Court of Mobile County, Alabama, for the next legal term. * * * At the suggestion of the Chair, the Secretary was unanimously instructed to inform Mr. J. G. Hamilton of his election as Judge," etc.

The appellant's contention is that the proceedings of the commission contravened the provisions of section 179 of the Constitution, which provides: "All elections by the people shall be by ballot, and all elections by persons in a representative capacity shall be viva voce."

In respect to inferior courts of statutory creation, it is within legislative competency to prescribe how and by whom the judge thereof shall be selected. Constitution of 1901, § 153; State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89.

The act creating the court also created "a juvenile court commission" composed of seven members, and constituting a quorum of four, and provides that "they shall appoint the Judge of said Juvenile Court," without further prescription as to the method of procedure in making such appointment. It cannot be assumed that the word "appoint" was not advisedly used, and this left the commission free to adopt their own method of agreeing on the appointee, and, in the absence of fraud, their action in the matter is not subject to review by the courts.

Section 179 of the Constitution is not applicable to the proceedings of the commission.

The ruling of the circuit court is in accord with these views, and the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.