181 So. 705

**ROBERTSON et al. v. STATE.**

**4 Div. 313.**

Court of Appeals of Alabama.

Feb. 1, 1938.

Rehearing Denied Feb. 22, 1938.

96

Jas. J. Winn, of Clayton, for appellants.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

As shown by this record, an indictment was returned by the grand jury of Barbour county at the spring term, 1928, charging M. L. Friedman and another with obtaining money by false pretense; this indictment was filed in the circuit court at Eufaula on the 2d day of May, 1928; on May 28, Friedman, together with W. H. Robertson and A. J. Bethune, entered into bond for his appearance at the next term of the circuit court to be held for Barbour county at Eufaula, Ala., at the spring term, 1928, the cause was continued. At the fall term of the court, the defendant Friedman failed to appear and forfeiture was taken against the bond, a pluries capias was issued for the defendant, and the cause was continued. On May 30, 1929, notice was issued to both Robertson and Bethune that forfeiture had been taken, and commanding them to appear before the judge of the circuit court on the 2d day of December, 1929, to show cause why said forfeiture should not be made final, and this notice was executed by serving copies on the two bondsmen.

On December 2, 1929, the two bondsmen filed motion to quash the scire facias. At the hearing of this motion both bondsmen were present, either by themselves or counsel. The motion to quash the scire facias was granted.

On November 5, 1930, notice was issued to Bondsman Robertson to appear before the judge of the circuit court at Eufaula to show why the forfeiture, theretofore taken, should not be made final.

On May 5, 1930, on motion of the solicitor the indictment against Friedman was withdrawn and filed.

On May 4, 1931, the motion to quash the scire facias was continued for thirty days and to be submitted within that date.

At the fall term of said court the following judgment appears:

"The State vs. M. L. Friedman, Defendant, W. H. Robertson and A. J. Bethune, Sureties.

"Fall Term, 1932.

"Comes State of Alabama by its Solicitor, George W. Andrews, Jr., and also comes the Sureties, W. H. Robertson and A. J. Bethune, by their attorney, and it appearing to the Court that the sureties W. H. Robertson and A. J. Bethune having been properly served with notice of said forfeiture and they failing to appear and show cause why said bond on which they appear as sureties should not be forfeited, and why said forfeiture should not be made final, it is considered by the Court, and it is the judgment of the Court that the State of Alabama for the use of Barbour County have and recover of the said W. H. Robertson and A. J. Bethune, the sum of $300.00. It further appearing to the Court that the bond on which the said W. H. Robertson and A. J. Bethune appear as sureties, contained a waiver of exemption, it is ordered and adjudged by the Court that the said sureties be not allowed any exemption of personal property as to this judgment nor the execution to be issued hereon."

On this judgment execution was issued by the clerk of the court, and on the 16th day of March, 1936, the bondsmen filed a petition to quash the execution issued on the judgment hereinabove set out; the petition was served on the solicitor.

On the 23d day of March, 1936, the motion coming on to be heard, the judge of the circuit court rendered this judgment: "This cause was regularly submitted on the petition of the defendants to quash the execution, and on consideration of said petition and the testimony offered both by the State and the defendants in execution, it is now ordered and adjudged that said petition be, and the same hereby is denied, overruled and held for naught, and the defendants in execution except to the action of the Court." From this judgment appeal is taken.

■ The circuit court of Barbour county is a court of general jurisdiction, and its judgments import absolute verity unless contradicted by other portions thereof. Ex parte Tanner, 219 Ala. 7, 121 So. 423; Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460; White v. Simpson, 124 Ala. 238, 27 So. 297; Louisville & N. R. Company v. Tally, 203 Ala. 370, 83 So. 114.

The records of the circuit court appearing in this transcript disclose no facts which contradict the recitals in the judgment rendered against Robertson and Bethune as sureties on the appearance bond of M. L. Friedman, hereinabove alluded to, nor is there anything in this record which renders said judgment void.

We find nothing in this record going to show that the judgment upon which execution was issued was substituted for another judgment, or that said judgment was so altered, changed, or amended without any authority of the Court.

The circuit court of Barbour county having jurisdiction of the subject-matter, the appearance of both defendants in said court, as shown by the record, precludes them from now saying that no notice was served on them. Moreover, the return of the sheriff discloses service on both of these defendants. The contention on the part of appellants that the bail bond required the appearance of the defendant Friedman at the "next term" of the circuit court, instead of the "next session" of the circuit court, is without merit. The words "term" and "session" as applied to the sitting or holdings of court are synonymous and interchangeable.

It is further insisted that the judgment upon which the scire facias was issued was written by the clerk at a time when he had no authority to do so. There is nothing in this record to establish this fact so as to overcome the presumption in favor of the judgment as it appears in the record.

The judgment of the circuit court denying the motion to quash is affirmed.

Affirmed.