151 So.2d 210

E. C. PERSONS

v.

S. W. SUMMERS et al.

1 Div. 44.

Supreme Court of Alabama.

March 14, 1963.

Lyons, Pipes & Cook, Mobile, for appellant.

Howell, Johnston & Langford, Mobile,
for appellees.

MERRILL, Justice.

This appeal is from a decree granting a permanent injunction against appellant, the Recorder of the City of Prichard.

Appellees are in the bail bond business in Prichard and they filed their bill against appellant in his official capacity as recorder, charging that appellant was discriminating against them and favoring their competitors. Of the 1308 bonds made by professional bondsmen in Recorder's Court in Prichard from July through December, 1961, appellees were sureties on 930, and their competitors were sureties on 378 bonds.

The bill sought a mandatory injunction directed to appellant to set aside an order made on January 3, 1962, in which appellant ordered forfeitures of appellees' bonds amounting to $4200, a restraining order enjoining appellant from acting as Recorder of the City of Prichard until a hearing on the temporary injunction, enjoining appellant from discriminating against appellees and for general relief.

When the bill of complaint was presented to the trial court, he ordered the issuance of a mandatory injunction to set aside the order of forfeiture on the bonds and enjoined appellant from acting as recorder.

Appellant filed motions to discharge and dissolve and a sworn answer to the bill which denied any discrimination. The an-

swer gave as one of the reasons for forfeiting the bonds that there was an ordinance of the City of Prichard requiring that when there was any forfeiture to be entered on an appearance bond and no notation was made on the bond itself that no more than $3.00 for each hundred dollars penal sum of said bond was charged for the making of the bond, then the recorder must forfeit the bond for the full amount thereof; and the bonds forfeited did not have such notation on them, making it mandatory for appellant to forfeit the full amount of the bonds.

After a hearing, the court overruled the motions to discharge and dissolve, held the bond forfeitures to be void, enjoined the recorder from acting on said bonds, and permanently enjoined appellant from discriminating against appellees.

Appellant insists under proper assignments of error that the court erred in granting a permanent injunction when the hearing was on the issuance of a temporary injunction, and that there was error in the decree because the amount of the injunction bond was not fixed.

The granting of a permanent injunction on an application for temporary injunction, as was the case here, was held to be reversible error in Methvin v. Haynes, 254 Ala. 58, 46 So.2d 815.

Title 7, § 1059, Code 1940, provides for the giving of a bond before the issuance of a temporary restraining order, and an order made under the statute, without a bond, is erroneous. Francis v. Scott, 260 Ala. 590, 72 So.2d 93; Loop National Bank v. Cox, 255 Ala. 388, 51 So.2d 534.

Appellees concede that the decree "is erroneous insofar as said decree fails to fix an injunction bond and also indicates that it is a permanent injunction," but argue that we may modify and correct the decree on appeal. In view of our holding, we do not discuss this contention of appellees.

The court erred in permitting amendments to the bill by interlineations on the original bill. The first sentence of

Equity Rule 28, subd. 1(a) reads: "Amendments of bills and answers shall be made on a separate piece of paper." The reasons for this rule are obvious. When a pleading is filed in court, it should not be changed or altered. Any change or alteration should be shown by a separate piece of paper. Interlineations could possibly require the overruling of a demurrer, when without them it should be sustained. And on review, this court does not see the original pleadings, but as they are copied in the transcript. It is imperative that each amendment be on a separate piece of paper so that it clearly shows at what stage of the proceeding the amendment was made.

Appellees cite the case of Fellows v. Burkett, 219 Ala. 601, 122 So. 808, to justify the interlineations. That case was decided in 1929, and under Chancery Rule 39, Code 1923, which provided that amendments "of a brief character `*` * * may be made by an interlineation or erasure, * * *." This rule has been superceded by Equity Rule 28.

■ The court also erred in permitting a newspaper article which described the judicial actions of appellant into evidence. The article was hearsay and objection to its introduction should have been sustained. Nashville, Chattanooga and St. Louis Ry. Co. v. Yarbrough, 194 Ala. 162, 69 So. 582; Mobile County v. Sands, 127 Ala. 493, 29 So. 26, 27; 20 Am.Jur., Evidence, § 964.

■ The motion to discharge raised the point that City of Prichard was an indispensible party and that its substantial rights were affected and it should have been made a party. It was error to continue the injunction in view of the grounds raised in the motion to discharge and the sworn answer.

Title 7, § 1063, Code 1940, provides:

"No temporary restraining order or temporary injunction shall ever issue to any municipality of this state, its officers, agents or employees, enjoining or restraining the enforcement of any ordinance of such municipality, whether valid or invalid, or any proceedings thereunder, until a time and place have been set for the hearing of the application for such temporary restraining order or temporary injunction, and notice of such time and place, together with a copy of the bill, has been served upon the mayor or other chief executive officer of such municipality at least twenty-four hours prior to the time set for such hearing."

The Code section was specified in the motion to discharge and the ordinance was pleaded in the answer. The proceeds of the bond forfeitures belonged to the city and the answer showed that appellant was following the ordinance passed by the city.

A mandatory injunction should not be granted which would interfere with the rights of the City of Prichard without making it a party to the bill. Green v. Messer, 243 Ala. 405, 10 So.2d 157.

■ The trial court erred in removing or suspending appellant from his office as recorder for the city. The mandatory injunction ordered that "pending said hearing a restraining order be issued enjoining and restraining the Respondent, E. C. Persons, from farther acting as Recorder for the City of Prichard." Appellees argue this was a suspension and not a removal. In the instant case, we fail to find the authority for the trial court to do either.

The recorder is a person authorized to hold municipal court and is elected by the council, Tit. 37, §§ 582, 583, 406, and as such, is a municipal officer. Tit. 37, § 451, Code 1940, provides:

"Any person appointed to office in any city or town may, for cause, after a hearing, be removed by the officer making the appointment. The city council may remove, by a two-thirds vote of all those elected to the council, any such person for incompetency, malfeasance, misfeasance, or nonfeasance, in office and for conduct detrimental to

good order or discipline, including habitual neglect of duty, in the several departments."

We have held that this section calls for notice and hearing in removal cases. State ex rel. Reeves v. Thompson, 211 Ala. 429, 100 So. 756. The temporary restraining order in this cause removed or suspended appellant from office without notice or hearing.

■ It is within the legislative competency to prescribe how and by whom the judge of an inferior court of statutory creation shall be selected, and if the method is not specifically stated, the appointing power may choose its own method of appointment, and its action is not subject to review by the courts except for fraud. State ex rel. Coffin v. Hamilton, 225 Ala. 79, 142 So. 71.

■ "A judge can be removed only by an authority on whom the power of removal has been conferred by law." 48 C. J.S. Judges § 27a, p. 975. The legislature has put the removal of the recorder in the city governing body and that body has the power of removal. Appellees had sought his removal by the council, but they had not seen fit to do so.

The trial court did not have the power to suspend or remove the recorder. The mere fact that circuit courts have the power to "exercise a general superintendence over all inferior jurisdictions," Tit. 13, § 126(3), Code 1940, does not give the circuit court power to remove or suspend judges of inferior jurisdictions by temporary injunctions.

■ Thus far, we have considered errors committed during the proceedings or in the decrees. We now consider the equity of the bill. A bill without equity will not support an injunction of any character under any circumstances. Wallace v. Lindsey, 270 Ala. 401, 119 So.2d 186; Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606; Loop National Bank v. Cox, 255 Ala. 388, 51 So.2d 534; McHan v. McMurry, 173 Ala. 182, 55 So. 793. And

in determining whether a bill for a temporary injunction contains equity, as shown on its face, its averments alone are considered, unaided by construction and unamplified by assumed amendment. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539, and cases there cited.

■ We proceed to consider the grounds which appellees argue give equity to the bill. First, it is argued that the avoidance of a multiplicity of suits gives the bill equity. We find no averment in the bill by way of fact or conclusion which raises the prevention of a multiplicity of suits. But that doctrine must be raised by averring facts and not conclusions. Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

■ But assuming that the doctrine had been raised by adequate pleading, it would not be appropriate here. The doctrine of multiplicity of suits does not apply to a multitude of suits. City of Albany v. Spragins, 214 Ala. 449, 108 So. 32. In the Spragins case, we approved the following statement:

"'The same questions of law are raised in each case, and there is no reason why one suit, in the usual course of proceedings, * * * the other being continued to abide the result, should not settle all the cases; * * * practically the whole controversy can be conveniently settled in the forum to which it belongs. We see no reason for restraining the defendants, by injunction, from pursuing the remedy which the statutes provide for such cases.'"

There, the complainant was the owner of 28 different lots and claimed that the tax assessment to each was invalid and attempted to enjoin the proceedings on the ground of a multiplicity of suits. The lower court granted a temporary injunction and we reversed, holding that the remedy at law was adequate. That case is ample authority for denying the appli-

cation of prevention of a multiplicity of suits in the instant case.

Second, appellees argue that the bill contains equity because it seeks to set aside a void judgment rendered in a court of law. The argument is that it is void because they had no notice of the proceedings. This contention is answered in Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782, where this court said:

"That aspect of the bill which seeks to set aside the judgment because it is void at law presents a matter solely for the court which rendered the judgment. That being at law, the law side of the court was adequate to that end."

Thirdly, it is argued that the bill contains equity because it is alleged that appellees were not served with process or notice when the forfeitures were taken. But no meritorious defense is shown.

Equity will set aside a judgment and enjoin its enforcement on timely application therefor on averment and proof that defendant was not served with process, provided such defendant also has a good and meritorious defense, shown to be available to him. Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782, and cases there cited.

Moreover, the allegation of the bill shows that "complainants requested a continuance of said hearing which was granted * * *." Service of process is not essential if the party intended to be served appears and defends and submits himself to the jurisdiction of the court. The purpose of process is to bring the defendant into court and may be by him waived. Oden v. McCraney, 235 Ala. 363, 179 So. 191; Robertson v. State, 28 Ala. App. 95, 181 So. 705; cert. denied 236 Ala. 217, 181 So. 706. We consider the appearance requesting a continuance to be a general appearance because we have said that if a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general. Thompson v. Wilson, 224 Ala. 299, 140 So. 439.

A fourth argued equitable ground is that the bill seeks to prevent the unlawful or unauthorized act by a municipal official. Appellant relies on the cases of Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193, and Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823. The single question argued and decided in the Engelhardt case was whether a suit against the Highway Director was a suit against the state in violation of Sec. 14, Constitution of 1901. We held that it was not a suit against the state. But it is common knowledge that the State Highway Director is not a judicial officer. In the Walker case, the equity of the bill was based upon the charge that in refusing the complainant a license to sell milk in the city, the board of health and its health officer and dairy inspector had acted arbitrarily, unreasonably and without warrant. Again, these officials and employees were not judicial officers. We review judgments and decrees of judicial officers by mandamus, prohibition, certiorari and appeal and we neither govern nor superintend inferior courts by injunction.

The final argument is that appellant discriminated against appellees and in favor of appellees' competitors in that appellees' clients cannot get continuances, they have had to pay the full amount of the forfeiture, and their clients had to wait two to four hours before appellant approved their bonds.

As to continuances, we said in Morris v. McElroy, 219 Ala. 369, 122 So. 608:

"The authority to grant or refuse a continuance of a pending cause resides in the court, and not the judge, and an application for continuance is, as we have respectively (sic repeated-

ly) held, addressed to the sound discretion of the court, and will not be reviewed, unless the discretion is grossly abused, and then only on appeal, where the facts may be fully presented."

Also, illness of the accused is not a valid excuse to relieve a surety. Ringeman v. State, 136 Ala. 131, 34 So. 351; nor is imprisonment in the same state for another offense, Jordan v. Knight, 250 Ala. 109, 35 So.2d 178, and cases there cited.

As to the other instances of alleged discrimination, we think they are answered in Pryor Motor Co. v. Hartsfield, 207 Ala. 646, 93 So. 524, where it was said:

"* * * Courts of equity have never undertaken to direct and coerce public officers in the performance of their official duties as prescribed by law, and such a jurisdiction is unknown to equity jurisprudence. If any person can show that he has a personal or property right to be affected by the performance of a specified official duty, he has his remedy by the writ of mandamus to compel its performance, in the absence of any other adequate legal remedy. Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268; Brickman v. Wilson, 123 Ala. 259, 26 South, 482, 45 L.R.A. 772. If he shows no such right, he cannot invoke that remedy, or any other, merely for the purpose of compelling the observance of official duty, or of vindicating the public laws. Rose, Mayor, v. Lampley, Judge, 146 Ala. 445, 449, 41 South. 521."

See Ex parte Moore, 244 Ala. 28, 12 So. 2d 77, where we refused to review a bail forfeiture by mandamus, holding that appeal was an adequate and appropriate remedy, even though it was contended that the trial court did not have the legal power to render a conditional judgment.

It is clear that the bill will not support either a temporary or a permanent injunction.

The decree is reversed, one is here rendered dissolving the injunction dated January 24, 1962, and the cause is remanded.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.