The appellant, Myrtle Hosmer Helms, appeals from the dismissal of a petition for a writ of certiorari or, in the alternative, a writ of mandamus. We affirm.
This case arises from a condemnation action in the Probate Court of Tuscaloosa County, Alabama, filed on November 29, 1982. Enhanced Energy Resources, Inc. (Enhanced), a Houston corporation, filed the application to condemn and acquire the right to construct and maintain a pipeline across property owned by Helms in Tuscaloosa County. The probate court set the hearing on the application for December 14, 1982, at 10:00 a.m., and provided for ten days' notice, pursuant to § 18-1-8, Ala. Code 1975.
Notice of the application was issued to the sheriff of Tuscaloosa County and forwarded on to Jefferson County for service on the appellant. Several days later, Helms found a note on her door instructing *Page 688 
her to call the Jefferson County sheriff's office for papers that were, in fact, the notice and application of condemnation. Helms received these papers on December 6, 1982, eight days prior to the hearing.
Prior to this alleged service, on November 29, 1982, Enhanced, through its attorney, sent to Helms by certified mail, restricted delivery, return receipt requested, copies of the papers involved in the condemnation proceedings, including the notice and order setting the date for the hearing.
Helms arrived late at the Tuscaloosa County Courthouse for the hearing, which had started without her. She was unaccompanied by legal counsel. She participated in the proceedings and voiced her objections to the proceedings and their objective. At the conclusion of the hearing, the probate judge granted the application of Enhanced and appointed commissioners, who performed all the duties required of them and entered their report. Judgment was entered on the commissioners' report, and the decree of condemnation was entered.
Helms filed a motion to set aside the decree of condemnation, which was denied. She then filed notice of appeal to the Circuit Court of Tuscaloosa County, Alabama. While that appeal was pending, Helms filed a petition for writ of certiorari or, in the alternative, writ of mandamus, with the same court, naming the probate judge and Enhanced as respondents. This petition sought to require the probate judge to vacate his order of condemnation. This is the same relief sought on the appeal.
The circuit court granted the respondents' motion to dismiss and denied Helms's motion for rehearing. The court entered the following order, from which this appeal was taken:
 "Although this case may not properly be before this Court in deference to Plaintiff, the case has been considered on its merits.
 "Section 18-1-8 of the Alabama Code (1975), required that notice of an application for a condemnation order and of the day for the hearing thereof must be served on the owner of the property sought to be condemned by the sheriff or other legal officer at least ten days before the scheduled date of the hearing. On November 29, 1982, Defendant McCollum entered an order setting the date of the hearing on December 14, 1982. Plaintiff Helms received a copy of the application and the order setting the date of the hearing from Enhanced Energy Resources, Inc., by certified mail on November 30, 1982, and was served notice by the Sheriff's Department of Jefferson County on December 6, 1982. Enhanced Energy maintains that these actions constitute proper service upon Mrs. Helms and that as a result the Probate Court of Tuscaloosa County had in personam jurisdiction over her.
 "Although ARCP Rule 4.1 (b)(2) allows service of process by persons other than a sheriff, the Alabama Court of Civil appeals has stated that for this method of service to be proper, the court — in this instance, the Probate Court — must issue an order specially appointing someone other than the sheriff as the appropriate person to legally serve process. O'Donohue v. Citizens Bank, 350 So.2d 1049, 1053-54
(Ala.Civ.App. 1977). In the case at bar, this did not occur.
 "In Alabama, however, service of process is not essential if the party intended to be served appears and defends and submits himself to the jurisdiction of the court. The purpose of process is to bring the party into court and it may be waived by him. Persons v. Summers, 274 Ala. 673, 151 So.2d 210 (1963); Oden v. McCraney, 235 Ala. 363, 179 So. 191 (1938). If a party intends to rely on lack of in personam
jurisdiction, he must appear, if at all, for the sole purpose of objecting to the court's jurisdiction. Persons, 274 Ala. at 680 [151 So.2d 210]. An appearance for any other purpose is usually considered general, Thompson v. Wilson, 224 Ala. 299, 140 So. 439 (1932), and a party's general appearance will cure any defects in service upon him prior to that time. Pridgen v. Head, *Page 689 282 Ala. 193, 210 So.2d 426 (1968). Mrs. Helms' appearance in court on December 14, 1982, cured the defect in her service and the Probate Court had in personam jurisdiction over her."
The trial court correctly noted that the case was not properly before it by petition for certiorari and, for that reason, its order is correct and not subject to reversal here. The only issue before us is the propriety of the trial court's order dismissing the petition. If the merits of the case were before us, we, as did the trial court, would hold that Mrs. Helms's appearance and participation in the hearing, without raising the defect in service of process, cured the defect in her service, and that the probate court properly had inpersonam jurisdiction over her.
Therefore, the judgment of the circuit court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.