SHORES, Justice.
Kevin Steward appeals from a summary judgment in favor of Ronnie Turner on Steward’s breach of contract claim.
On October 12, 1982, Steward was assisting Turner in leveling a mobile home. A cement block upon which the mobile home was resting broke, causing the mobile home to fall on Steward and break his leg.
On February 3, 1986, Steward sued Turner, alleging breach of contract and negligence. The negligence claim was dismissed because the statutory period of limitations had expired, and no issue regarding that ruling is raised on appeal. Steward proceeded on his breach of contract claim, contending that Turner had breached an oral promise to pay Steward’s medical expenses arising out of the accident.
Turner filed a motion for summary judgment, contending that the statutory period of limitations for Steward’s action had run, and that Steward had executed a release relinquishing any claim that he may have had against Turner arising from the accident. The trial court entered a summary judgment in favor of Turner, and Steward appeals. We affirm.
After the accident, the parties entered into the following release:
“For The Sole Consideration of $10.00 and other valuable consideration Dollars, the receipt and sufficiency whereof is hereby acknowledged the undersigned *375 hereby releases and forever discharges Ronald G. Turner, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 12 day of November 1982 [sic] at or near Route 1, Box 47, Wellington, Alabama.
“Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
“Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.” [1]
Steward contends that he executed the release in exchange for Turner's oral promise to pay his medical expenses, and that, because Turner has refused to pay the medical expenses, the release was executed without consideration. This argument is untenable.
The release recites that $10 and other valuable consideration was given in exchange for Steward’s executing the release. In response to an interrogatory, Turner stated that the other valuable consideration was a “1969 Oldsmobile which I gave him in full release of any claim he might have had against me.” This statement was not contested by Steward. Furthermore, an obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration or in writing with or without new consideration. Ala.Code 1975, § 8-1-23; see also, Persons v. Summers, 274 Ala. 673, 151 So.2d 210 (1963).
We hold, therefore, on the undisputed facts of this case, that Turner was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Because the release executed by Steward provides sufficient grounds upon which to affirm the summary judgment, it is unnecessary for us to address the issue of whether the statutory period of limitations for this contract action had expired.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.

. Steward never denied that he executed this release in reference to the occurrence upon which this suit is based.